No 12594

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

In the Matter of the Application of JAN S STEWART
for a Writ of Supervisory Control or Other Appropriate
Writ.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        M K Daniels argued, Deer Lodge, Montana

    For Respondent:

        Small, Cummins and Hatch, Helena, Montana
        Floyd O. Small argued, Helena, Montana

---

               Submitted:  October 3, 1973

               Decided: JAN 2 1974

Filed: JAN 2 1974

*Thomas J. Kearney*
                  Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding seeking a writ of supervisory control or other appropriate writ to be directed to the district court of the third judicial district in Powell County, the Hon. E. Gardner Brownlee, presiding.

The guardian of the person and estate of Gavin Stewart, his son Jan S. Stewart, petitioned this Court for a writ. On January 13, 1972, the guardian was appointed and assumed the guardianship. On March 12, 1973, Gavin Stewart filed a petition for restoration to capacity. The matter was heard on March 29, 1973, by Hon. Robert J. Boyd, and on April 19, 1973, the petition was denied. A motion for a new trial was filed, based upon affidavits. The motion was heard and on May 25, 1973, the motion was denied. No appeal was taken.

On June 19, 1973, some three weeks later, an affidavit of disqualification was filed to disqualify Judge Boyd, and at the same time a new petition for restoration to capacity was filed by one Robert Burdett, a friend of Gavin Stewart, represented by the same counsel.

On July 12, 1973, the respondent here, Hon. E. Gardner Brownlee, assumed jurisdiction. A motion to quash was filed by the guardian and the motion was set for hearing at the same time as the petition for restoration on August 13, 1973. At said hearing oral argument was heard on the motion to quash, the matter was taken under advisement by the court; and the court proceeded to hear the petition for restoration to capacity.

On August 20, 1973, Judge Brownlee ordered Gavin Stewart restored to capacity; and, while no order denying the motion to quash was entered, obviously the motion was denied.

Thus, while one judge, Hon. Robert J. Boyd, denied the petition for restoration to capacity, another judge on the identical

petition except as to party, and for all intents and purposes the same evidence, granted it after assuming jurisdiction because of disqualification of Judge Boyd. The application for writ of supervisory control alleges that this was a flagrant abuse of the disqualification statute. We agree.

Section 93-1101, R.C.M. 1947 provides:

"If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent application for the same order shall be made to any other judge, except of a higher court; but nothing in this section refers to motions refused for informality in the papers or proceedings necessary to obtain the order, or to motions refused with liberty to renew the same."

In State ex rel. Carroll v. District Court, 50 Mont. 428, 431, 433, 147 P. 612, it is said:

"When the application for restoration was denied in department No. 2, Mrs. Nett was forbidden by statute (section 6324, Rev. Codes) [now 93-1101, R.C.M. 1947] the right to renew it before the other department, and yet, if this order now under review be permitted to stand, she will have accomplished by indirection the very thing she is forbidden to do directly. * * * The statutes are intended to be obeyed in spirit as well as in letter. The evidence taken in department No. 1 was not so different from that considered in department No. 2 as to warrant a different conclusion." (Emphasis supplied)

The evidence, including that set forth in the affidavits for a motion for new trial was not so different as to "warrant a different conclusion". No change in circumstances was alleged in the petition for restoration to capacity filed by Mr. Burdett nor was there alleged to be any difference in the mental state or capacity of the ward.

The same case provides authority for this Court to entertain supervisory control. At page 430 the following appears:

" * * * The writ of supervisory control is issued only to correct rulings made by the lower court acting within jurisdiction, but erroneously, where there is not an appeal, or the remedy by appeal

- 3 -

cannot afford adequate relief, and gross in-
justice is threatened as the result of such
rulings. (In re Weston, 28 Mont. 207, 72 P.
512.)"

The answer and return attempts to set up an exceptional situation in that counsel for Gavin Stewart (being the same counsel for Robert Burdett) claimed to have been taken by surprise on the first hearing before Judge Boyd; in that he alleges that counsel for the guardian led him to believe that his petition for restoration would not be opposed. Accordingly, at that hearing he only presented affidavits of Dr. Burgess and one other, whereas on the second effort he presented testimony.

Then the answer and return goes on to assert other matters in the administration of the guardianship and accounting thereof. Counsel then would have us believe that "capacity" is a continuing thing or situation in a guardianship and therefore new applications for restoration can be made as the situation may change; and thus the judgment or order of incompetency is never final and conclusive in the sense that a tort or contract action, for example, would be. (See 44 C.J.S. Insane Persons § 55.)

This would be true in some situations that we need not develop here. Counsel on the argument both orally and by brief asserted that there was a "vast difference between the evidence produced at the first hearing before Judge Boyd, and the evidence that was submitted at the hearing before Judge Brownlee". This Court by order dated October 11, 1973, ordered transcripts prepared of both hearings and has examined the court files. We find that, to the contrary, there are no essential differences in the evidence. It is virtually the same. No change of circumstances is alleged in the second petition--nothing more than the disqualification of Judge Boyd, a change of one party from

- 4 -

Gavin Stewart to Robert Burdett, a friend. It is a classic case of use of the disqualification statute to effect an "appeal" and as such is improper.

Much is said in testimony, by affidavit, and in oral argument about the mental state of Gavin Stewart, now aged 80 years. In Carroll, p. 433, this Court described incompetency in these words:

> "'The phrases "imcompetent," "mentally incompetent," and "incapable," as used in this title, shall be construed to mean any person who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause, unable, unassisted, to properly manage and take care of himself or his property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons.'"

The ward here is in a nursing home. He admits he cannot manage his own property and would have a third person do it. His only son came from California, took his father from the hospital in Missoula to Deer Lodge and then put him in a rest home in Helena. Under the circumstances, this Court should not interfere.

By what has been said heretofore, the motion to quash the second petition for restoration should have been granted; appeal from that order (none having been issued) or appeal from the order granting restoration to capacity would not have been an adequate remedy at law. Accordingly, a writ of supervisory control will issue directing the respondent judge to grant the motion to quash. The costs of transcripts heretofore alluded to are chargeable to the guardianship.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices