No. 14927

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JOHN R. BRITTON,

Plaintiff and Respondent,

-vs-

BURLINGTON NORTHERN INC.,
a corporation,

Defendant and Appellant.

---

Appeal from: District Court of the Nineteenth Judicial District,
Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

For Appellant:

Fennessy, Crocker, Harman and Bostock, Libby, Montana
Kurt W. Kroschel, Billings, Montana

For Respondent:

Hoyt, Trieweiler, Lewis & Regnier, Whitefish, Montana

---

Submitted: November 2, 1979

Decided: NOV 2 1979

Filed: NOV 2 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Respondent has moved to dismiss this appeal on the ground that this Court lacks jurisdiction thereof because appellant did not file its notice of appeal within the time permitted by Rule 5, M.R.App.Civ.P.

Respondent John R. Britton filed an action for damages against appellant Burlington Northern, Inc. in the District Court of Lincoln County, Montana. On May 25, 1979, the jury returned a verdict of $140,000 in favor of respondent. On May 31 judgment was entered thereon. On June 1 the Clerk of the District Court mailed notice of entry of this judgment to counsel for both parties.

On June 6 appellant mailed to the Clerk of the District Court and to counsel for respondent its motion for a new trial and for an extension of time to file a supporting brief. On June 11 the District Court granted appellant until June 25 to file its supporting brief.

On June 13 appellant mailed to the Clerk of the District Court and to counsel for respondent its amended motion for a new trial. On June 25 appellant filed and served its supporting brief.

Neither the original nor the amended notice for a new trial contained a notice of hearing. No hearing has ever been held. The motion was submitted on appellant's brief.

On July 20, the District Court denied appellant's motion for a new trial. On August 2 appellant mailed to the Clerk of the District Court and to counsel for respondent its notice of appeal. The notice of appeal was received and filed on August 3 by the Clerk of the District Court.

On August 15 appellant's counsel flew from Billings to Libby, contacted the District Judge at his home that evening. Appellant's counsel presented to the District Judge ex parte a motion for an order extending the time for filing the notice of

appeal 30 days. The District Judge signed an order granting the extension, a second notice of appeal was filed with him, and a notation was made that it was filed with him at his home at 10:00 p.m. Affidavits filed by counsel for the respective parties contain conflicting facts concerning the attempts made to notify counsel for respondent of this contemplated activity.

In the meantime on August 8, respondent's counsel mailed respondent's motion to dismiss this appeal with supporting legal memorandum to appellant's counsel. The motion to dismiss was received and filed with this Court on August 15. According to the affidavit of appellant's counsel he did not receive the motion to dismiss until August 15.

Briefs have been filed by counsel for both parties and the motion to dismiss has been submitted to us for decision.

Appellant's motion for a new trial was timely filed. Rule 59(b), M.R.Civ.P. This motion suspended the running of the time for filing the notice of appeal. Rule 5, M.R.App.Civ.P. The District Court's order extending the time for filing a supporting brief by necessary implication extended the time for its ruling on the motion. A fair reading of the record likewise indicates the motion was to be submitted on the brief. Accordingly, the 10 day period in which such motion had to be decided or deemed denied did not commence running on June 6 and expire on June 16, notwithstanding the fact that the motion was not noticed for hearing nor a hearing held thereon. See Rule 59(d), M.R.Civ.P. Otherwise, the District Court would be placed in the untenable position of having to rule on the motion for a new trial before appellant's brief was submitted or the motion would be deemed denied. This would be unconscionable.

We hold that the time within which the District Court was required to rule on the Motion in this case commenced running on

June 25 when appellant's brief was filed. The 15 day period for its ruling expired on July 5. Rule 59(d), M.R.Civ.P. It was automatically deemed denied on that date and its order of denial on July 20 was null and void and of no force or effect. Rule 59(d), M.R.Civ.P.

Appellant had 30 days thereafter in which to file its notice of appeal. Rule 5, M.R.App.Civ.P. The notice of appeal was filed August 3 within such 30 day period. This invested this Court with jurisdiction to hear this appeal.

This case is distinguishable from Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203, cited by respondent. There the District Court granted no extension of time for filing briefs and thus extending the time for its decision. The contrary occurred here. In any event the District Court cannot extend the period for hearing or submission on briefs beyond 30 days. Rule 59(d), M.R.Civ.P.

Respondent's motion to dismiss this appeal is denied.

_Frank I. Haswell_
Chief Justice

We concur:

_Gen E. Haly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sherky_
Justices

- 4 -