No. 14867

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MARVEL BRUTE STEEL BUILDING, INC.,
DANTON D. WIRTH AND ROBERT DOWNS,

    Plaintiffs and Respondents,

  vs.

FRANK BASS, BASS AUCTION COMPANY, INC.,
and PARKER MONTANA COMPANY,

    Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
     Honorable M. James Sorte, Judge presiding.

Counsel of Record:

  For Appellants:

    Robert L. Johnson and Torger S. Oaas, Lewistown,
    Montana

  For Respondents:

    Calton Law Firm, Billings, Montana

---

       Submitted on briefs: May 27, 1980
           Decided: SEP 1 7 1980

Filed: SEP 1 7 1980

_Thomas J. Kearney_
          Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants appeal from a judgment entered on a jury verdict in Yellowstone County awarding $7,000 in damages to the plaintiffs for fraudulent misrepresentation and breach of warranty in connection with the sale of a tractor. The plaintiffs, in addition to moving to dismiss this appeal as being untimely filed, have filed a cross-appeal. We determine that the defendants' appeal was not timely filed and, therefore, that the appeal must be dismissed. Likewise, because the plaintiffs' cross-appeal is subject to the same impediment, it, too, is dismissed.

Just before the close of trial on April 13, 1979, counsel for both parties agreed that any post-judgment motions would be decided on briefs without a hearing. The purpose of this agreement was so that the presiding judge would not have to return to Billings to hear the motions. The defendants' attorney claims the parties stipulated that a motion would be deemed submitted upon completion of briefing and that the judge would issue a binding ruling within fifteen days thereafter. The plaintiffs' attorney, on the other hand, claims that the stipulation was nothing more than a mutual waiver of hearings of post-judgment motions for the convenience of the judge. Whatever the stipulation was, however, this Court has no record of it. Furthermore, assuming there to be a stipulation in existence that a motion would be deemed submitted upon "completion of briefing", as the defendants contend, the parties could not by this stipulation confer jurisdiction on the District Court to decide the case beyond the time limitations expressly provided by rule.

Here, defendants filed their motion for a new trial after judgment was entered, but before the clerk of court officially gave notice of entry of judgment. The jury returned

with its verdict on April 13, 1979; judgment was entered on April 20, 1979; defendants filed their motion for a new trial on April 23, 1979; and the clerk of court officially sent out notice of entry of judgment on April 23, 1979. Pursuant to the oral stipulation (the contents of which are disputed), the parties considered the matter submitted on briefs. There was, however, no agreement as to when the briefs would be filed.

The defendants waited for a trial court ruling before they filed the notice of appeal. The trial court issued an order on May 15, 1979 denying the motion for a new trial, and the defendants filed notice of appeal on June 12, 1979. The plaintiffs then filed a motion with this Court to dismiss the appeal because it had been untimely filed. The issue is whether the time period for filing notice of appeal expired thirty days after the trial court order of May 15, or whether it expired thirty days after the motion for new trial was served—that is, thirty days after April 23, 1979. Under the circumstances here, it expired thirty days after the motion for a new trial was filed, and thus, the notice of appeal filed on June 12, 1979 comes too late.

Rule 5, M.R.App.Civ.P. requires that an appeal from a District Court judgment must be taken within thirty days from the date of service of notice of entry of judgment. Although a motion for a new trial made pursuant to Rule 59(d), M.R.Civ.P. stops the running of the thirty-day period, it does not do so indefinitely. The thirty-day period generally starts running again after the trial court has entered its order denying the motion after a hearing. If there is a hearing, the trial court must enter an order within fifteen days after the matter is submitted. Rule 59(d), M.R.Civ.P. If he fails to rule by the fifteenth day, the motion is considered denied, and the appeal time starts running. Rule 59(d), M.R.Civ.P. Here the defendants served plaintiffs with the motion on April 23, 1979.

A hearing on this motion was required within ten days of this date of service unless continued by the trial court for a period of not to exceed thirty days. Rule 59(d), M.R.Civ.P. Because no hearing was held (by agreement of the parties), the time for appeal started running on May 3 (ten days after defendants served its motion for a new trial). The time for appeal expired on June 2, and thus, defendants' notice of appeal filed on June 12 came too late.

Even though the trial court issued an order on May 15, 1979 denying the defendants' motion for a new trial, the order was a nullity because it was issued after the time had expired under Rule 59, within which to rule on a motion for a new trial. See Leitheiseer v. Montana State Prison (1973), 161 Mont. 343, 348, 505 P.2d 1203, 1206. We have repeatedly held that the time and procedural limitations for post-judgment motions under Rule 59 are mandatory. Kelly v. Sell & Sell Paint Contractors (1978), ____ Mont. _____, 574 P.2d 1002, 1003; Armstrong v. High Crest Oils, Inc. (1974), 164 Mont. 187, 196, 520 P.2d 1081, 1086. See also, Seibel v. Byers (1959), 136 Mont. 39, 46, 344 P.2d 129, 133 (decided before our adoption of the present rules of procedure); McVay v. McVay (1954), 128 Mont. 31, 34, 270 P.2d 393, 394 (likewise decided before our adoption of the present rules of procedure).

We initially entered an order summarily denying plaintiffs' motion to dismiss, but because the question is jurisdictional, we, of course, are not precluded from reconsidering this issue. It is axiomatic that jurisdictional defects can be considered at any stage of the proceedings. Nor does section 3-1-502, MCA, as argued by the defendants, preclude the plaintiffs from renewing its motion to dismiss. This statute forbids only a subsequent application for the same order to any "other" judge, and not the renewal of a motion before the same court.

Accepting the defendants' argument that the motion for a new trial was to be considered submitted to the trial court, only upon completion of briefing by both sides, would mean that a time period for an appeal to run could never be fixed. The parties could control the time period simply by not getting the briefs expeditiously filed. For this reason, we distinguish the situation here from that which existed in Britton v. Burlington Northern, Inc. (1979), ____Mont. ____, 601 P.2d 1192, 36 St.Rep. 1956. Furthermore, the defendants' interpretation would result in an untenable situation extending the time for appeal thirty days after the District Court ruled, whenever that might be. The ruling principle of the rules is to "secure the just, speedy, and inexpensive determination of every action." Rule 1, M.R.Civ.P. and Rule 6(b), M.R.Civ.P., expressly prohibit discretionary extensions of any time limits set under Rule 59(d).

The trial courts may not disregard the procedural requirements governing a motion for a new trial as set forth in Rule 59(d), by indefinitely extending the time limits for the convenience of one of the parties. Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375, 1377. Nor can the parties accomplish by stipulation what the District Court cannot accomplish by order.

For the foregoing reasons, the appeal and the cross-appeal are dismissed.

_____
                Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices