No. 82-73

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

IN RE THE MARRIAGE OF
CAROLE LOUISE WINN,

                Petitioner and Appellant,

    vs.

GRANT MARION WINN,

             Respondent and Respondent.

_____

Appeal from:  District Court of the Fourth Judicial District,
            In and for the County of Missoula
            Honorable John S. Henson, Judge presiding.

Counsel of Record:

    For Petitioner:

        Holt, McChesney & Borg; H. L. Holt, Missoula, Montana

    For Respondent:

        Datsopoulos, MacDonald & Lind; Ronald B. MacDonald,
        Missoula, Montana

_____

Submitted on briefs:  August 5, 1982

Decided:  September 23, 1982

Filed: SEP 24 1982

_____
                      Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Carol Louise Winn appeals from an order of the District Court, Fourth Judicial District, Missoula County, denying her motion to amend a decree dissolving her marriage to Grant Marion Winn. We affirm the District Court, except for an amendment to correct a clerical error.

The parties were married in 1960. Five children were born of the marriage. However, the dispute in this case involves only whether the District Court should have amended its decree of marital dissolution so as to revalue certain shares of stock owned by the husband at the time of the dissolution in one A. E. Brim and Company.

A schedule of the events as they are found in the file following the decree of marital dissolution is essential to an understanding of this case.

April 14, 1980. The District Court entered findings, conclusions, and decree. Part of the decree required husband to pay wife $1,320 in twelve equal installments of $120 beginning May 1, 1980 for the value of the Brim stock.

April 14, 1980. Notice of entry of decree served by mail by the clerk of the court upon both parties.

April 23, 1980. Wife filed a motion to amend findings of fact and judgment. Also served notice of hearing on motion. Hearing set for May 1, 1980.

May 1, 1980. Hearing continued by District Court order for 30 days.

June 2, 1980. Written notice that wife will call up post-decree motions for hearing on June 5, 1980.

June 5, 1980. (Court minutes.) Hearing held. Parties stipulated to changes in the findings, conclusions and

-2-

judgment. (Particulars not set out.) Amended decree order prepared.

January 22, 1981. Wife filed motion to revalue Brim stock from $5,322 to $26,000 and to amend the decree of marital dissolution accordingly.

October 7, 1981. The court entered findings of fact, conclusions and order, in effect denying motion to revalue stock, but amending the original decree to correct an admitted clerical error; amendment required husband to pay wife "$2,661 in 22 equal installments of $120 beginning May 1, 1980."

November 4, 1981. Service of notice of entry of order of October 7, 1981 by the clerk of the court.

November 30, 1981. Notice of appeal filed by wife and served December 1, 1981 by the clerk of the court.

The initial decree of the District Court on April 14, 1980, distributed the value of the Brim stock as follows:

> "The Respondent [husband] shall pay unto the Petitioner one-half of the value of the Brim stock having a value in the amount of $2,640, thereby paying unto the Petitioner an amount of $1,320 payable in 12 equal payments with a payment of $120. Said payments to commence on the 1st day of May, 1980."

It is agreed, in fact stipulated by the parties, that as a result of clerical error, the court incorrectly entered the total value of the Brim stock in its decree as the sum of $2,640 when the proper value of the stock, based upon the evidence at the dissolution hearing, should have been $5,322.

Wife moved the court on April 23, 1980, under Rule 52(b), M.R.Civ.P. to amend its findings of fact and judgment in several particulars, including the correct valuation of the Brim stock. The Rule 52(b), motion was properly

-3-

noticed for hearing under Rule 59(g), M.R.Civ.P. on May 1, 1980.

On May 1, 1980, the district judge continued the hearing on the Rule 52(b) motion for 30 days upon written stipulation of counsel which read:

> "The parties further stipulate and agree that
> in the event of appeal by either party Winn,
> no issue will be made of the delay in oral
> argument and hearing of the Petitioner's Motions,
> and further stipulate the Trial Judge may rule
> on the Motions of the Petitioner after hearing
> and argument, and the continued time will not
> be invoked by counsel to attack the jurisdiction
> of the court to rule on Petitioner's Motions."

The hearing occurred on June 5, 1980. No order was entered on the hearing, but the minutes of the District Court for that date reflect that:

> "Thereafter, the parties stipulated to various
> changes in the Findings of Fact, Conclusions
> of Law and Judgment and the Court ordered an
> Amended Decree to be prepared in accordance
> with said stipulated changes."

Nothing further occurred with respect to wife's Rule 52(b) motion to amend the findings and judgment until January 22, 1981, when the wife filed a new motion, with supporting affidavit, requesting the court to "correctly value Brim stock." On February 11, 1981, the court set this motion for hearing on April 22, 1981. The minutes of the court reflect that on agreement of the court and counsel, the hearing on the new motion was continued on Monday, May 4, 1981.

The hearing occurred on May 4, 1981, and after receiving briefs and further proposed findings from counsel, the court entered its findings of fact, conclusions of law and order on October 7, 1981. In effect, the findings, conclusions and order denied all of the motions of the wife for modification, except that the court entered the following provision with respect to the Brim stock:

-4-

"The respondent shall [pay] unto the Petitioner
one-half of the value of the Brim stock having
a value in the amount of $5,322, thereby paying
unto the Petitioner the amount of $2,661 in
22 equal payments of $120 per month to commence
on the 1st day of May, 1980."

It appears from the testimony at the May 4, 1981 hearing and from other documents in the file that husband had sold or agreed to sell all of his shares in the A. E. Brim Company for the sum of $26,000. He contended that although he had testified that the Brim stock had no value or only nominal value at the hearing before the initial decree of marital dissolution, he had no knowledge of the proposed sale of the Brim stock for $26,000 until after June 5, 1980. The District Court found that there was no concealment, fraud or misrepresentation on the part of husband in connection with the Brim stock. In its findings entered on October 7, 1981, the District Court refused to amend the judgment to grant any further amount of money from the sale of the Brim stock to the wife upon the grounds that the decree as now constituted put a disproportionate burden upon the husband for the support of the children and other responsibilities. The court also took the position that the wife's motion of January 22, 1981, to revalue the Brim stock for purposes of distribution of the marital estate was in effect a Rule 60(b) motion based upon newly discovered evidence and as such should have been filed within 60 days of the date of the entry of judgment.

On this record, the wife raises several issues, including whether the judge erred in applying the 60 day provision under Rule 60(b), M.R.Civ.P., whether it erred in refusing to provide her a greater amount from the revalued Brim stock, whether the husband had an affirmative duty to inform the

court and the wife of the market value before the October 7, 1981 judgment, whether her maintenance award is proper and whether the District Court erred in denying wife costs and attorney fees.

However, the dispositive issue on the wife's Rule 52 motion is whether the appeal is timely.

When a motion is made to amend findings or to make additional findings and to amend the judgment, in a case tried by the court without a jury, under Rule 52(b), M.R.Civ.P., that motion becomes subject to the time limitations of a motion for new trial. Rule 59(g), M.R.Civ.P.

Therefore, once a motion is made under Rule 52(b) to amend findings and judgment, a hearing on that motion must be had within 10 days after it has been served, and a District Court may issue an order continuing the hearing thereon for not to exceed 30 days. Rule 59(d), M.R.Civ.P. In this case, the District Court, upon stipulation of the parties, continued the hearing required under Rule 59(d), for 30 days, but the hearing was actually held five days later than the extended date, on June 5, 1980.

The District Court lost jurisdiction of the Rule 52(b), motion when the hearing on the motion was not held within the time limits of Rule 59(d). Oster v. Oster (1980), _____ Mont. _____, 606 P.2d 1075, 37 St.Rep. 264.

Rule 59(d), further provides that once the hearing is held the "court shall rule upon and decide the motion within 15 days after the same is submitted." In this case although the court ordered that an amended judgment be prepared for its signature, such amended judgment apparently was not submitted to the court within 15 days and here the court did not "rule upon or decide the motion" within the 15 days

-6-

provided in Rule 59(d). Therefore, even if the June 5 hearing date was not itself untimely under Rule 59(d), the motion of the wife to amend the findings was deemed denied at the expiration of the 15 day period, or June 20, 1980.

We have held that a motion to amend the judgment if not decided within 15 days after the case has been submitted is deemed denied by operation of law and it is error for the District Court to rule on the motion after the expiration of the 15 day period. Kelly v. Sell (1978), 175 Mont. 440, 547 P.2d 1002; Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375.

Once the Rule 52(b) motion was deemed denied, the District Court could no longer rule on it. This court has held that when the time runs out to make such an order, any subsequent order by the District Court concerning the motion is outside the court's jurisdiction. Leitheister v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203.

In this case the time for wife's appeal from the judgment of April 14, 1980, began to run on May 31, 1980, the last day under Rule 59 when her motion could have been heard by the court. She thereafter had 30 days in which to file her notice of appeal. Britton v. Burlington Northern, Inc. (1979), ___ Mont. ____, 601 P.2d 1192, 36 St.Rep. 1956. Except for the clerical error which we will discuss hereafter, the wife's appeal from those matters raised in the Rule 52 motion is not timely and this Court has no jurisdiction of the appeal because of her failure to file a notice of appeal in a timely manner. Rule 4, M.R. App.Civ.P.

That the parties may have stipulated the jurisdiction of the District Court, or may have agreed not to raise the question of lack of jurisdiction, does not confer jurisdiction

on the District Court to decide a case beyond the time limitations expressly provided by Rule 59, M.R.Civ.P. Marvel Brute Steel Building v. Bass (1980), ___ Mont. ___, 616 P.2d 380, 37 St.Rep. 1670. A court which lacks jurisdiction cannot acquire it by consent of the parties. Corban v. Corban (1972), 161 Mont. 93, 504 P.2d 985.

We now consider the wife's motion to revalue the Brim stock filed January 22, 1981, and whether her appeal from a denial of that motion may be considered by us under the post-judgment provisions of Rules 52, 59 and 60, M.R.Civ.P.

When the wife moved to revalue the Brim stock no order had been entered by the District Court respecting the motions heard on June 5, 1981. Wife takes the position therefore that the motion to revalue the Brim stock cannot be considered a motion under Rule 60 because no judgment or order had been entered by the court from which she could appeal. While her statement of the record is correct, her right to appeal from the original decree and subsequent motions made by her to amend that decree had expired as we have demonstrated in the foregoing discussion. The District Court then properly decided to treat her motion to revalue the stock, made January 22, 1981, as a Rule 60 motion.

When Montana adopted its Rules of Civil Procedure (Chapter 13, Session Laws 1961) it largely followed the Federal Rules of Civil Procedure then in effect. For the most part therefore, our Rules of Civil Procedure are the same as the federal counterparts. One of the differences between the federal rules and the Montana rules can be found in Rule 60(b)(2).

Whereas under Federal Rules of Civil Procedure, Rule 60(b), (2), a motion for a new trial on the ground of newly discovered

evidence must be made not later than one year from the entry of the judgment, under the Montana rule, such a motion must be made "not more than 60 days after the judgment, order or proceeding was entered or taken in a case where notice of entry of judgment is required . . ."

In this case, the court's decree was entered on April 14, 1980. The motion to revalue the stock was not made until January 22, 1981. If the motion is considered to be a Rule 60(b)(2) motion for a new trial on the ground of newly discovered evidence, the motion would have been timely under the federal rule but not timely under the Montana rule.

A motion for a new trial under Rule 60(b)(2) upon the ground of newly discovered evidence is not completely fore-closed however, by a filing after the time limits set forth in the rule whether we consider the federal rule or the Montana rule. It is noted in 7 Moore's Federal Practice 272, 273 (1971), 60.23[3]:

> "To summarize relief afforded for newly discovered evidence. Newly discovered evidence is a ground for a motion for a new trial under Rule 59; but to be timely, the motion must be 'served not later than 10 days after the entry of judgment.' If the evidence is not, or by due diligence could not have been discovered within time to move for a new trial under Rule 59(b), then a motion may be made under Rule 60(b)(2). The latter motion does not affect the finality of the judgment, and it must be made within a reasonable time, and not later than a year [60 days] after the entry of judgment. In addition to this relief, it is at least con-ceivable that relief might be obtained in an exceptional situation by an independent action to enjoin the enforcement of the judgment."

Under federal cases, a motion for a new trial because of newly discovered evidence made more than one year from judgment must be denied unless the substance of the motion brings it under Rule 60(b)(6). Sunfire Coal Company v. United Mine Workers of America (C.A.6th 1964), 335 F.2d 958,

cert.den. (1965), 379 U.S. 990, 85 S.Ct. 701, 13 L.Ed.2d 610; Westerly Electronics Corporation v. Walter Kidde and Company (C.A. 2d 1966), 367 F.2d 269.

Montana's Rule 60(b)(6), is the same as the federal version providing that a new trial may be based on "any other reason justifying relief from the operation of the judgment."

While it is true therefore that in this case the motion to revalue the stock, considered as a motion for a new trial under Rule 60(b) came too late because it was filed more than 60 days following the entry of judgment, it is also true that relief could have been granted if the substance of the motion brought it under Rule 60(b)(6), M.R.Civ.P. Wife here is foreclosed from this contention, however, because in addition to overruling her motion on the ground that it was not timely, the court also went forward with respect to the merits of the motion and determined that there was no fraud, misrepresentation or concealment; and that the husband in any event assumed a disproportionate burden of support and maintenance so as to foreclose any further relief from a re-evaluation of the Brim stock. These findings are not clearly erroneous, and in view of Rule 52(a), such findings may not be overturned by us.

We therefore affirm the District Court in denying any amendment of its findings or decree relating to the later determined value of the Brim stock.

Our consideration of the clerical error made by the District Court in the first instance with respect to the Brim stock brings us to another anomaly when we consider the differences between Rule 60 in the Federal Rules of Civil Procedure, and the same rule in the Montana Rules of Civil Procedure.

Rule 60(a), M.R.Civ.P., provides:

"*Clerical mistakes.* Clerical mistakes and judgments, orders or other parcels of record, and in pleadings, and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the *motion of any* party and after such notice, if any, as the court orders." (Emphasis added.)

Rule 60(a), M.R.Civ.P. is in conflict with Rule 60(c), a clause which has no counterpart in the federal rule, and which provides as follows:

"*Time for hearing and determining motions.* Motions provided by subdivisions (a) and (b) shall be heard and determined within the times provided by Rule 59 in the case of motions for new trial and amendment of judgment."

Thus the Montana rule provides that a clerical mistake can be corrected at anytime (Rule 60(a)) and yet Rule 60(c) provides that such a motion cannot be made after the time limits provided by Rule 59.

We resolve the seeming conflict in our Rule 60 by stating here that when a clerical mistake occurs in a judgment, order or other part of a court record, and the error is admitted, as here, or where such error can be corrected or the meaning of the judgment, order or other record can be clarified without inequity or prejudice to another party, such clerical error can be corrected by the court at anytime, either *nunc pro tunc* or by a new order. See Smith v. Jackson Tool and Dye, Inc. (5th Cir. 1970), 426 F.2d 5, 8. The same objective could be obtained by allowing such clerical error to be corrected under Rule 60(b)(6) (Doble v. Talbott (1978), ____ Mont. ____, 589 P.2d 994, 999, 36 St.Rep. 52) but it is our intent to preserve the power of the District Court under Rule 60(a) to correct and maintain a proper record of its proceedings even though the time limitations under Rule

60(c) and Rule 59, M.R.Civ.P. have expired.

We therefore affirm the order of the District Court dated October 7, 1981, overruling all of plaintiff's motions, but including the correct valuation of the Brim stock as of the date of the original decree, in the sum of $5,322.

However, we find another clerical error in the provisions of the October 7, 1981 order of the District Court, where the court ordered the payment by the husband to the wife an amount of "$2,661 in 22 equal payments of $120 per month to commence on the 1st day of May 1980." The statement contains an arithmetical error.

The orders of the District Court are therefore affirmed with the exception that the order of October 7, 1981 is hereby amended with respect to the Brim stock so as to read as follows:

> "The respondent shall pay unto the petitioner one-half of the value of the Brim stock having a value in the amount of $5,322, thereby paying unto the petitioner an amount of $2,661 in 22 equal payments of $120 per month and a final payment of $21, such payments to commence on the first day of May 1980."

Affirmed as amended.

_____
                                Justice

We Concur:

_____
       Chief Justice

_____

_____
          Justices

-12-