IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 97-218

_____

JAMES P. CHALLINOR and               )
BETTY E. CHALLINOR,                  )
                                     )
        Plaintiffs and Appellants,   )
                                     )         O P I N I O N
     v.                              )              AND
                                     )          O R D E R
GLACIER NATIONAL BANK and            )
DOUGLAS B. REMICK,                   )
                                     )
        Defendants and Respondents.  )

_____


Respondents in the above-entitled action move this Court to dismiss the appeal for failure of Appellants to file a notice of appeal within the time allotted. Appellants oppose the motion, contending that the District Courtþs grant of an extension of time in which to file a brief in support of a post-trial motion effectively suspended the time allotted until the brief was filed.  We conclude that the District Court cannot change the time in which an appeal must be filed by granting post-trial extensions.

The following dates are relevant to the calculation of the time allotted in which to file a notice of appeal:

1.  On December 13, 1996, notice of entry of judgment in the underlying case is filed;

2.  On January 2, 1997, the Plaintiffs/Appellants file a post-trial motion to alter or amend the judgment;

3.  On February 3, 1997, the District Court grants the Plaintiffs/Appellants an extension of time in which to file a reply brief regarding the post-trial motion. The District Court orders the reply brief filed on or before February 19, 1997;

4.  On March 18, 1997, the District Court denies the post-trial motion;

5.  On April 17, 1997, the Appellants file their notice of appeal.

Respondents, in moving to dismiss the appeal, note that the District Court had 60 days from the filing of the post-trial motion in which to rule on it.  If a District Court does not rule on a post-trial motion within the time allotted, the motion is deemed denied.

Rules 59(g) and 59(d), M.R.Civ.P.   Since the post-trial motion was filed on January 2,
1997, Respondents contend this time allotted expired on March 3, 1997, and the motion was then deemed denied.  Respondents then had 30 days after the motion was deemed denied in which to file their notice of appeal.  Rule 5(a)(1), M.R.App.P.  Respondents contend this time allotted expired on April 2, 1997.  They therefore contend that Respondents notice of appeal, filed on April 17, 1997, was not timely filed.

Appellants respond by arguing that the District Courtþs grant of additional time in which to file their reply brief to the post-trial motion had the effect of tolling the running of the time clock until the end of the extension period.  Since the District Court granted them an additional sixteen days in which to file their brief, the Appellants contend the District Court  then had an additional sixteen days in which to consider the motion, and that they had an additional sixteen days in which to file the notice of appeal once the District Court denied their post-trial motion.  They therefore argue that their notice of appeal, filed fifteen days after the time would have expired absent an extension, was timely filed.

In support of their position, the Appellants cite Britton v. Burlington Northern, Inc. (1979), 184 Mont. 107, 601 P.2d 1192, in which this Court held that "[t]he District Courtþs order extending the time for filing a supporting brief by necessary implication extends the time for its ruling on the motion."  Britton, 601 P.2d at 1193.  We reasoned that the continued running of the time clock in the face of the District Courtþs grant of an extension would place the District Court "in the untenable position of having to rule on the motion before appellantþs brief [on the motion] was submitted or the motion would be deemed denied."  Britton, 601 P.2d at 1194.  We held that this would be unconscionable.  601 P.2d at 1194.

In subsequent cases, however, this Court has held that the time requirements of Rule 59, M.R.Civ.P., are jurisdictional and must be complied with exactly.  For example, in  Lerum v. Logue (1982), 198 Mont. 194, 645 P.2d 419, this Court noted that a party has 30 days from the date his or her motion is deemed denied in which to file a notice of appeal.  Lerum, 645 P.2d at 419.  We further stated:

> While we have acknowledged that this rule may, in some cases, work harsh results, we have also emphasized that the public has the right to the expectation of finality of judgments.  The time and procedural limitations for motions subsequent to judgment set out in Rule 59, M.R.Civ.P., are mandatory and are strictly enforced.

Lerum, 645 P.2d at 419 (emphasis added; citations omitted).  In Marvel Brute Steel

Bldg.
v. Bass (1980), 189 Mont. 480, 616 P.2d 380, this Court noted that Rule 6(b), M.R.Civ.P. prohibits a district court, faced with a Rule 59(g), M.R.Civ.P. motion to amend a judgment, from granting extensions outside of those expressly provided in the Rule itself.  We noted that:

> [a]ccepting the defendantsþ argument that the motion for a new trial was to be considered submitted to the trial court, only upon completion of briefing by both sides, would mean that a time period for an appeal to run could never be fixed.  The parties could control the time period simply by not getting the briefs expeditiously filed. . . .  Furthermore, the defendantsþ interpretation would result in an untenable situation extending the time for appeal thirty days after the District Court ruled, whenever that may be.

Marvel, 616 P.2d at 382.

A district court cannot grant extensions under Rule 59(g), M.R.Civ.P. for additional briefing time.  Rule 6(b), M.R.Civ.P.  To the contrary, a district court must rule on the motion within the time allotted without regard to the status of the briefing. If a district court fails to rule on the motion within the time allotted, the motion is deemed denied.  Rules 59(g) and 59(d), M.R.Civ.P.  Therefore, the district court had 60 days from the date the motion was filed in which to rule on it.  This time expired on March 3, 1997.  At that time, the motion was deemed denied.  From the denial of the motion, Appellants had 30 days, or until April 2, 1997, in which to file their notice of appeal.  Since they did not file a notice of appeal until after that date, the notice was not timely filed.

The failure of Appellants to file their notice of appeal within the time allotted is an absolute jurisdictional bar to this Courtþs consideration of the appeal.  Rule 4, M.R.App.P.; Winn v. Winn (1982), 200 Mont. 402, 409, 651 P.2d 51, 54.  For this reason, Respondentsþ motion to dismiss is granted and the appeal is dismissed.

The Clerk of this Court is directed to mail a copy of this order to counsel of record.

DATED this 10th  day of June, 1997.

/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART
/S/  KARLA M. GRAY
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER