FILED

May 7 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0618

DA 14-0618

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 126N

TOM ROBAK and CHARLOTTE ROBAK,

     Plaintiffs and Appellants,

  v.

RAVALLI COUNTY,

     Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2008-472
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

     For Appellants:

          Arthur V. Wittich, Michael L. Rabb, Wittich Ogburn, P.C.,
Bozeman, Montana

     For Appellee:

          Bill Fulbright, Ravalli County Attorney, Howard F. Recht, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs:  April 1, 2015
Decided:  May 7, 2015

Filed:

                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Tom and Charlotte Robak appeal from the District Court's order of September 15, 2014, dismissing their complaint, and particularly the prior order of July 17, 2014, denying their motion for sanctions under Rule 11, M. R. Civ. P. and denying their motion for attorney fees under § 27-8-313, MCA.  We affirm.

¶3      This case arises out of a dispute between Robaks and Ravalli County over whether a home they constructed along the Bitterroot River was within the area of floodplain regulation, §§ 76-5-101 through -406, MCA.  In 2008 the Robaks sued the County raising a number of claims and seeking judicial relief from the County's contention that their residence had been built within the regulated floodplain.  In 2010 the District Court entered an order setting out extensive findings of fact and conclusions of law, and granting and denying motions for summary judgment.  That order also assessed sanctions against Robaks under Rule 11, M. R. Civ. P., for failing to disclose information about fill material placed on their property.  Subsequently the parties entered a "Stipulation for Declaratory Judgment" in July 2013 agreeing that 11 of 12 claims in Robaks' complaint had been resolved by settlement or by court order pursuant to motions by the parties.

2

¶4     The 2013 stipulation also stated that its purpose was to "address and resolve the regulatory issues raised in Robaks' tenth cause of action." The tenth cause of action, pled as a claim for declaratory relief, sought a declaration that Robaks' construction could be completed and that it was in compliance with floodplain requirements. It was the last unresolved issue in the case. The stipulation resolved the floodplain regulatory issues through various agreements, some of which required future permits and compliance. In its order filed August 5, 2013, the District Court approved the settlement pursuant to the Declaratory Judgments Act, § 27-8-201 *et seq.*, MCA. The order recited the primary agreements concerning the delineation of the floodplain elevation on Robaks' property and the installation of their replacement septic system. The order required the parties to file a stipulation or report identifying any issues that remain unresolved.

¶5     The parties did not file a stipulation or report concerning any unresolved matters until March 2014. The County filed a report stating that the parties had been unable to agree upon final dismissal of the action, but that from the County's perspective all substantive issues had been resolved. Robaks appeared through new counsel, asserting that the case was not ripe for dismissal, and that they needed additional time to review the case. The District Court convened a status conference in June 2014 at which Robaks stated that the remaining issues were damages and attorney fees arising from the tenth cause of action, and their intent to seek Rule 11 sanctions against the County. Robaks subsequently filed a motion and brief for Rule 11 sanctions against the County arising from the County's successfully seeking Rule 11 sanctions against them in 2010.

According to Robaks, the County's counterclaims filed in 2008 and its filings in support of Rule 11 sanctions in 2010 contained "deceitful representations."

¶6    The District Court considered the parties' positions in its Opinion and Order filed July 17, 2014, concluding that the 2013 Stipulation for Declaratory Judgment settled the issues in Robaks' tenth claim for declaratory relief. Therefore, the Robaks' argument that they were still entitled to pursue damages and attorney fees as part of their tenth cause of action for a declaratory judgment was only an attempt to "circumvent the stipulated settlement." The District Court determined that the clear intent of the stipulation was to dispose of the regulatory issues upon which the claim for declaratory judgment rested. The District Court determined that the parties settled the tenth claim of the complaint, and that they did not reserve determination of any claims to damages or attorney fees.

¶7    In addition, the District Court was "entirely unable" to find that the Robaks' behaviors involved in the litigation had been "necessary and proper" or that there were any equities justifying an award of attorney fees to them under § 27-8-313, MCA. An award of fees in a declaratory judgment action is discretionary and initially depends upon a determination that the equities favor the claimant. *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, ¶ 42, 315 Mont. 210, 69 P.3d 663; *Mungas v. Great Falls Clinic*, 2009 MT 426, ¶¶ 44-45, 354 Mont. 50, 221 P.3d 1230.

¶8    As to Robaks' claim for Rule 11 sanctions against the County, the District Court determined that the same arguments had been "thoroughly addressed" in 2010 and amounted to a "poorly disguised motion for reconsideration of the Court's 2010 Opinions

4

and Orders." The District Court therefore properly declined to re-visit the Rule 11 sanctions issues that had been decided in 2010.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the District Court properly exercised its discretion and there was not an abuse of discretion. The District Court properly applied settled Montana law to resolve the issues.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER

Justice James Jeremiah Shea, dissenting.

¶11 I concur with the Court's resolution of the Rule 11 issue. I dissent, however, as to the Court's resolution of the Robaks' possible entitlement to supplemental relief under § 27-8-313, MCA. Section 27-8-313, MCA, provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a declaratory judgment or decree to show cause why further relief should not be granted forthwith.

¶12 A judgment—albeit a stipulated judgment—was entered by the District Court, resolving at least some of the matters that were the subject of the declaratory judgment action in the Robaks' favor. The Order that included this judgment recognized that there may be some issues left unresolved, and required the parties to identify any such issues. Among the issues which the Robaks identified at the June 2014 status conference was whether they were entitled to further relief on the declaratory judgment action. Section 27-8-313, MCA, allows them to petition for such further relief. The District Court may well determine for various reasons that the Robaks are not entitled to damages or attorney fees under § 27-8-313, MCA. Indeed, as the majority notes at ¶ 7, the District Court's July 17, 2014 Order concluded it was "entirely unable" to find that the Robaks conduct was necessary and proper or that the equities justified an award of attorney fees under § 27-8-313, MCA. That being noted, since the statute allowed for the Robaks to petition the Court for such relief *after* entry of the judgment, I believe due process would require that the Robaks be afforded the opportunity to seek supplemental damages and attorney fees pursuant to the procedures outlined in the statute. The District Court foreclosed that possibility before the Robaks could avail themselves of that procedure. For that reason, I would reverse and remand on this issue.

/S/ JAMES JEREMIAH SHEA