FILED

11/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0047

DA 16-0047

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 286N

TOM ROBAK and CHARLOTTE ROBAK,

　　　　Plaintiffs and Appellants,

　　v.

RAVALLI COUNTY,

　　　　Defendant and Appellee.

APPEAL FROM:　　District Court of the Twenty-First Judicial District,
　　　　　　　　In and For the County of Ravalli, Cause No. DV-2008-472
　　　　　　　　Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellants:

　　　　　　Michael L. Rabb, The Rabb Law Firm, PLLC, Bozeman, Montana

　　　　For Appellee:

　　　　　　Bill Fulbright, Ravalli County Attorney, Howard F. Recht, Deputy County
　　　　　　Attorney, Hamilton, Montana

　　　　　　　　　　Submitted on Briefs:　August 24, 2016

　　　　　　　　　　　　　　　Decided:　November 9, 2016

Filed:

_____
　　　　　　　　Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The issue on appeal is whether the Robaks' appeal is timely.

¶3    This case began in 2008 when Plaintiffs Tom and Charlotte Robak (Robaks) filed a Complaint, Request for Declaratory Judgment and Demand for Jury Trial, on August 22, 2008, in response to a December 2007 letter, signed by Laura Hendrix, Ravalli County Floodplain Administrator, requesting the Robaks halt construction on their home because it was possibly in the floodplain. For the next six years, the case remained unresolved until the parties stipulated, in 2013, to a resolution of the declaratory judgment claim. The instant proceeding arises from the 2010 findings by the District Court in which it found various reasons for sanctioning the Robaks.

¶4    Based on the stipulations between the parties, the District Court issued an order dismissing the action on September 15, 2014. The following day, September 16, 2014, the Notice of Entry of Order was entered. On September 24, 2014, the Robaks appealed from the District Court's September 15 order dismissing their case. This Court denied the Robaks' appeal. *Robak v. Ravalli County*, 2015 MT 126N, DA 14-0618, 2015 Mont. LEXIS 199. Following remittitur from this Court, Ravalli County obtained two writs of execution to satisfy the sanctions award. One writ was returned October 7, 2015,

partially satisfied; the other writ was returned November 3, 2015, partially satisfied. During that time, the Robaks moved for the District Court to quash the writs of execution, arguing that the sanctions awards were not judgments. The District Court denied the Robaks' motion. Two months later, on January 22, 2016, the Robaks filed their second appeal.

¶5 The standard of review of a district court's conclusion of law is whether the interpretation is correct. *Giambra v. Kelsey,* 2007 MT 158, ¶ 28, 338 Mont. 19, 162 P.3d 134. The standard of review of a district court's findings of fact is whether the findings are clearly erroneous. A finding is clearly erroneous if not supported by substantial credible evidence, if the court has misapprehended the effect of the evidence, or if upon review the record leaves the reviewing court with the definite and firm conviction a mistake has been committed. *Kuzara v. State Compensation Ins. Fund*, 279 Mont. 223, 229, 928 P.2d 136, 140 (1996).

¶6 "In civil cases . . . in which . . . any officer or agency thereof is a party, the notice of appeal shall be filed within 60 days from the entry of the judgment or order from which appeal is taken." M. R. App. P. 4(5)(a)(i). This Court does not have appellate jurisdiction over matters not timely appealed. *Challinor v. Glacier Nat'l Bank*, 283 Mont. 342, 345, 943 P.2d 83, 85 (1997). "A party may appeal from a final judgment in an action *or . . .* from those final orders specified in sections (2), (3), and (4) of this rule." M. R. App. P. 6(1) (emphasis added). A final judgment is defined as a judgment that "conclusively determines the rights of the parties and settles all claims in controversy in

an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed." M. R. App. P. 4(1)(a).

¶7    The District Court's September 15, 2014 Order of Dismissal finally and conclusively determined the rights of the parties.  The sanction imposed by the District Court against the Robaks became part of the final judgment.  Therefore the time for Robaks to file their appeal commenced September 16, 2014, with the Notice of Entry Order, and ended November 15, 2014, sixty days later.  *Horton v. Horton*, 2007 MT 181, ¶ 6, 338 Mont. 236, 165 P.3d 1076.  After 60 days the Robaks no longer had an ability to appeal.  M. R. App. P. 4(5)(a)(i).

¶8    This is the second appeal in these proceedings that the Robaks have attempted. Montana law disfavors piecemeal appeals.  *Farmers Union Mut. Ins. Co. v. Bodell*, 2008 MT 363, ¶ 26, 346 Mont. 414,197 P.3d 913.  Furthermore, matters that may have been raised or were raised on the first appeal have either been resolved or waived when the court issued its Memorandum Opinion in *Robak v. Ravalli County*, 2015 MT 126N, DA 14-0618, 2015 Mont. LEXIS 199.  The Robaks could have appealed the sanctions in their first appeal, but they chose not to. They have waived their appeal as to those sanctions now.

¶9    The Robaks argue that since the July 28, 2010 Opinion and Order-Sanction Award was not a final judgment it was not appealable at the time of their first appeal.  However, we conclude that the July 28, 2010 order was a final judgment.  As such, by not including this issue in their first appeal Robaks have waived the ability to appeal the sanctions.

4

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

5