FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0037

DA 17-0037

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 268

DEANNA H. McATEE,

     Plaintiff and Appellant,

v.

WHITEFISH CREDIT UNION; and
MORRISON AND FRAMPTON, PLLP,

     Defendants and Appellees.

APPEAL FROM:     District Court of the Eleventh Judicial District,
               In and For the County of Flathead, Cause No. DV-14-1017D
               Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Mark M. Kovacich, Ben A. Snipes, Kovacich Snipes, P.C.,
          Great Falls, Montana

          Michael J. McKeon, Jr., McKeon Law, PLLC, Butte, Montana

     For Appellee Whitefish Credit Union:

          Scott D. Hagel, Crowley Fleck PLLP, Kalispell, Montana

     For Appellee Morrison & Frampton, PLLP:

          Brian J. Smith, Tessa A. Keller, Garlington, Lohn & Robinson, PLLP,
          Missoula, Montana

                         Submitted on Briefs:  August 23, 2017

                                Decided:  November 7, 2017

Filed:

                         _____
                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     This appeal comes from the District Court's grant of a motion to dismiss finding McAtee's amended complaint constituted improper serial litigation.

¶2     We restate the issue on appeal as follows:

*Did the District Court err in granting defendants' motion to dismiss McAtee's amended complaint when it found that the action constituted improper serial litigation pursuant to § 3-1-502, MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     McAtee is the owner of The Mortgage Source (TMS), a mortgage company that brokered loans under a line of credit with Whitefish Credit Union (WCU). McAtee brokered a construction loan, which the borrowers defaulted on in 2008. McAtee was included on the loan as a personal guarantor, and TMS held a trust indenture on the property and assigned its interest in the trust indenture to WCU. The assignment was not recorded. Subsequently, WCU, through its attorneys, Morrison and Frampton, PLLP (M&F), filed suit against TMS to foreclose on the defaulted loan. WCU alleged that when the borrowers defaulted, the construction was unfinished; McAtee then borrowed money from a friend to finish it, and put his interest as first priority secured mortgage. WCU alleged McAtee pledged WCU's collateral rather than TMS's collateral as security for the mortgage to the new lender, leaving WCU with an unsecured loan. WCU alleged fraud in the foreclosure by McAtee. These allegations led to criminal fraud charges against McAtee. The District Court determined that the new lender was a bona fide purchaser for value, so WCU no longer had a secured interest. Ultimately, both the

2

criminal and civil fraud claims were dismissed. WCU alleges it dismissed all of its claims against McAtee when she went through bankruptcy.

¶4 In September 2014, prior to the resolution of these claims, McAtee filed a motion for leave to amend her answer in the WCU foreclosure case to add M&F as a party to the action and to assert claims for malicious prosecution and abuse of process. In December 2014, the District Court denied McAtee's motion to amend her answer in the WCU complaint, reasoning the parties had been litigating for over three years, sufficient time for McAtee to "clarify and solidify" her allegations.

¶5 McAtee filed the instant case, as a separate action against WCU and M&F, for abuse of process and malicious prosecution. On January 30, 2015, McAtee amended this complaint. On March 5, 2015, WCU and M&F filed a M. R. Civ. P. 12(b)(6) motion to dismiss; the defendants included considerable materials from the underlying foreclosure case and requested the judge to convert the motions to motions for summary judgment if necessary. On December 20, 2016, the District Court granted the M. R. Civ. P. 12(b)(6) motion to dismiss the McAtee complaint with prejudice, concluding that "the filing of this cause of action constitutes improper serial litigation of a claim," that the suit is based upon the same facts and transactions as those alleged in the foreclosure litigation, and that it is therefore impermissible under § 3-1-502, MCA. McAtee appeals.

**STANDARD OF REVIEW**

¶6     We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6).  *Western Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35.

**DISCUSSION**

¶7     *Did the District Court err in granting defendants' motion to dismiss McAtee's amended complaint when it found that the action constituted improper serial litigation pursuant to § 3-1-502, MCA?*

¶8     McAtee argues the District Court incorrectly dismissed her complaint when it found her action constituted improper serial litigation.  WCU agrees that the District Court's dismissal of McAtee's complaint based on § 3-1-502, MCA, is legally incorrect.  However, it asserts the District Court reached the correct result and urges this Court to uphold the dismissal.  The District Court dismissed McAtee's complaint because she was first "denied the opportunity to add a defendant and two causes of action [to the underlying foreclosure litigation], so she filed this action."  The District Court found her pleadings to be impermissible, concluding that § 3-1-502, MCA, barred her complaint, citing *In re Stewart*, 163 Mont. 432, 517 P.2d 879 (1974).

¶9     Section 3-1-502(1), MCA states:

> If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part or is granted conditionally, no subsequent application for the same order shall be made to any other judge, except of a higher court.

Pursuant to the statute, when a judge denies a request for an order a party may not seek "the same order" from another judge.  In *Stewart*, an incapacitated person, Gavin, filed a

4

petition for restoration to capacity, which the district court denied. *Stewart*, 163 Mont. at 433, 517 P.2d at 879. After a new judge was appointed to the case, Gavin's counsel filed another petition for restoration to capacity. The new judge ordered Gavin to restored capacity. Based on an application for writ of supervisory control, this Court determined the petitions were the same and the second petition should have been denied. *Stewart*, 163 Mont. at 433-34, 517 P.2d at 880.

¶10 Unlike *Stewart*, McAtee did not attempt to obtain different results by seeking the same order from another judge. McAtee filed a motion to amend and commenced a separate proceeding through the filing of a new complaint. Section 3-1-502, MCA, "forbids only a subsequent application for the same order to any other judge." *Marvel Brute Steel Bldg. v. Bass*, 189 Mont. 480, 483, 616 P.2d 380, 382 (1980). McAtee has not asked any judge for "the same order" to allow the amended pleading. McAtee has instead filed this separate action asserting her malicious prosecution claims, which accrued after WCU filed its action. Section 3-1-502, MCA, does not bar McAtee's original complaint.

¶11 WCU agrees § 3-1-502, MCA, does not bar McAtee's complaint but urges this Court to uphold the dismissal on other grounds. Although the District Court did not address any of the arguments advanced by the parties, its order granting the motions to dismiss cannot be affirmed on other grounds. The District Court did not convert the M. R. Civ. P. 12(b)(6) motions into motions for summary judgment, never gave McAtee notice that it would do so, and McAtee was never afforded the opportunity for a hearing. *See Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶¶ 16-17, 337 Mont. 339,

5

160 P.3d 552; *Cole v. Flathead County*, 236 Mont. 412, 418-19, 771 P.2d 97. Therefore, despite WCU and M&F's extensive factual arguments, their M. R. Civ. P. 12(b)(6) motions had the effect of "admitting all well-pleaded allegations in the complaint." *Reidelbach v. Burlington N. and Santa Fe Ry. Co.*, 2002 MT 289, ¶ 14, 312 Mont. 498, 60 P.3d 418. McAtee's complaint properly alleges every element of her claims under Montana law. We will not consider in the first instance the merits of WCU's and M&F's substantive grounds for judgment in their favor.

## CONCLUSION

¶12 The District Court incorrectly dismissed McAtee's petition based on § 3-1-502, MCA. McAtee's original complaint is not improper serial litigation and therefore is not barred. We decline to address the alternative grounds proffered by WCU and M&F to uphold the District Court's decision.

¶13 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

6