No. 00-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 29

RONALD MURI,

Plaintiff and Respondent

v.

GEORGE FRANK and JUDY FRANK;

TRIANGLE MANAGEMENT CORPORATION;

and CORNER POCKETS OF AMERICA, INC.,

a Montana Corporation,

Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Rodd A. Hamman, Calton, Hamman & Wolff, P.C., Billings, Montana

For Respondent:

Jon E. Doak, Doak & Associates, P.C., Billings, Montana

Submitted on Briefs: September 21, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 George and Judy Frank, et al., (hereinafter "Franks") appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, denying their motion for relief from the court's Amended Judgment. The Franks contend that the District Court abused its discretion by denying their motion. We reverse and remand.

BACKGROUND

¶2 On January 29, 1998, Ronald Muri filed a complaint against the Franks seeking an order quieting title to a perpetual exclusive parking easement that he claimed he held on property owned by the Franks. Muri owns and operates the Billings Athletic Club, which is located on Lots 5-8, Block 1, of the McCallie Subdivision in Billings, Montana. The Franks own Lots 1-4, Block 1, of the McCallie Subdivision. Muri claimed that he held a perpetual exclusive parking easement on "Lot 4 and the westerly 10 feet of Lot 3." The parking easement was created by warranty deed dated March 5, 1980, and described the easement as "an easement for parking on Lot 4 and the westerly ten (10) feet of Lot 3, Block 1 of McCallie Subdivision."

¶3 The District Court held a bench trial on September 20, 1999. The court issued findings of fact and conclusions of law on January 11, 2000. In its findings of fact, the court observed that the parties to the warranty deed in which the parking easement was created drafted numerous agreements leading up to the warranty deed which were the source of a mutual mistake in the description of the easement. The court also noted that George Frank testified that the parties intended to grant a seventy-five foot wide easement located solely on Lot 4. In its conclusions of law, the court concluded, "The parties clearly intended to create an easement seventy-five feet in width over Lot 4, Block 1 of McCallie Subdivision, and therefore, the easement for the Westerly ten (10) feet of Lot 3, Block 1 of McCallie Subdivision is extinguished."

¶4 On January 21, 2000, Muri filed a motion requesting modification or clarification of the

District Court's judgment. Muri contended that the court failed to address his motion to quiet title to an easement for utilities and access over the 10 feet of vacated alley adjacent to Lots 3 and 4, failed to address his easement over the southerly ten feet of this same alley, and failed to address the Franks' installation of a sign on Lot 4. On February 9, 2000, the court amended its findings of fact and conclusions of law, granting Muri's motion to affirm his easement over the southerly ten feet of the vacated alley and affirming Muri's ownership of the northerly ten feet of the alley. The court denied Muri's motion to require the Franks to remove a sign placed on the northwest corner of Lot 4.

¶5 On February 17, 2000, the court issued an Amended Judgment noting the amendments to its findings of fact and conclusions of law. Significantly, the court also changed the description of Muri's parking easement to include the westerly ten feet of Lot 3-the same westerly ten feet for which it had previously ruled that Muri did not have a valid claim. This change was not requested by either party nor did the court inform the parties that it intended to change the description of Muri's easement. The Franks served Muri by mail with Notice of Entry of Amended Judgment on February 23, 2000.

¶6 On April 10, 2000, the Franks served Muri by mail with a motion entitled Motion for Relief from Judgment Rule 60, M.R.Civ.P. The motion was filed with the court along with a brief in support on April 21, 2000. The Franks observed that the court had extinguished Muri's parking easement to the westerly ten feet of Lot 3 in its initial findings of fact and conclusions of law, but had included the westerly ten feet of Lot 3 in its description of Muri's parking easement in its Amended Judgment, despite the fact that Muri had not requested that the court reconsider its decision extinguishing that portion of Muri's easement. The Franks hypothesized that the court had mistakenly perpetuated the error contained in the warranty deed. The court denied the Franks' motion without explanation on April 20, 2000. The Franks appeal.

## STANDARD OF REVIEW

¶7 We review a district court's discretionary rulings to determine whether the court abused its discretion. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603-04.

## DISCUSSION

¶8 Whether the District Court abused its discretion when it denied the Franks' motion for

relief?

¶9 The Franks contend that it was an abuse of discretion for the District Court to refuse to delete the "westerly ten feet of Lot 3" from its description of Muri's parking easement in its Amended Judgment. The Franks note that the court's initial findings of fact and conclusions of law limited Muri's parking easement to Lot 4 and expressly extinguished Muri's claim to the westerly ten feet of Lot 3. The Franks also note that Muri did not request that the court reconsider this ruling in his motion for modification or clarification of the court's judgment. The Franks argue that the District Court appears to have made a clerical mistake in its Amended Judgment and abused its discretion pursuant to Rule 60(a), M.R.Civ. P., when it refused to correct that mistake. The Franks maintain that if the court intended to change the description of Muri's easement in its Amended Judgment, it was without authority to do so because there was no motion before the court requesting such a change.

¶10 Muri responds that the Franks' motion for relief was untimely. Muri argues that once the time for filing of a notice of appeal from the Amended Judgment elapsed, the District Court no longer had the authority to modify or amend its judgment. Muri observes that pursuant to Rule 5(a)(1), M.R.App.P., a notice of appeal must be filed within thirty days of service of notice of entry of judgment. Muri notes that the Franks' motion for relief was filed well after the thirty day time period for an appeal had passed.

¶11 Rule 60(a), M.R.Civ.P., provides:

> Clerical mistakes in judgments, orders or other parts of the record, and in pleadings, and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

¶12 The central issue of this case is whether the District Court's addition of the "westerly 10 feet of Lot 3" to its description of Muri's parking easement in its Amended Judgment was a "clerical mistake." Montana's Rule 60(a) is modeled on Rule 60(a) of the Federal Rules of Civil Procedure; thus, we look to interpretation of the Federal Rules for guidance. *See Mohl v. Johnson* (1996), 275 Mont. 167, 171, 911 P.2d 217, 220 (interpreting Rule 19, M.R.Civ.P.). Clerical mistakes and errors are those errors which misrepresent the court's original intention. *See generally* 12 *Moore's Federal Practice* § 60.11(3) (3d ed. 1997); s*ee also In re Craddock* (10th Cir. 1998), 149 F.3d 1249, 1254 n.4; *Blanton v. Anzalone*

(9th Cir. 1987), 813 F.2d 1574, 1577 n.2.

¶13 The court's addition of the "westerly 10 feet of Lot 3" to its description of Muri's parking easement was clearly a mistake which misrepresented the court's original intention. The District Court expressly stated in its findings of fact and conclusions of law that it was limiting Muri's parking easement to Lot 4 and denying his claim to an easement over the westerly ten feet of Lot 3. The court also stated its legal and factual justifications for doing so, noting that "[t]he parties clearly intended to create an easement seventy-five feet in width over Lot 4, Block 1 of the McCallie Subdivision, and therefore, the easement for the Westerly ten (10) feet of Lot 3, Block 1 of the McCallie Subdivision is extinguished."

¶14 Muri contends that the Franks' motion for relief from judgment was untimely because it was filed after the time for filing of a notice of appeal from the Amended Judgment had elapsed. As is clear from the language of the rule itself, however, a court may correct a clerical mistake "at any time." "So long as there is no currently-pending appeal, this may be taken quite literally." 12 *Moore's Federal Practice* § 60.12(1)(a). Therefore, we conclude that the District Court retained jurisdiction pursuant to Rule 60(a) to correct clerical mistakes and errors in its Amended Judgment.

¶15 On the record before us we conclude that the District Court abused its discretion in denying the Franks' motion for relief under Rule 60(a), M.R.Civ.P. This matter is reversed and remanded to the District Court for further proceedings consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER