Raheem **DEVINO**, Petitioner,

v.

George **DUNCAN**, Supt., Respondent.

No. 01 Civ.9044 DLC.

United States District Court, S.D. New York.

Aug. 13, 2002.

John Burke, Brooklyn, NY, for Petitioner.

Morrie I. Kleinbart, Assistant District Attorney, New York City, for Respondent.

*OPINION AND ORDER*

COTE, District Judge.

The original petition for a writ of habeas corpus filed by this prisoner was timely. Thereafter, guided by an Order of this Court, he voluntarily dismissed the petition to exhaust additional claims. After promptly pursuing state court remedies, he even more promptly refiled his petition which, principally because of the Supreme

Court's intervening decision in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), is untimely. Through an Opinion and Order of January 24, 2002 (the "January 24 Opinion"), the Court appointed counsel for the petitioner, required the petition to be served on the respondent, and invited the parties to submit briefing. *Devino v. Duncan*, No. 00 Civ. 9044(DLC), 2002 WL 91615 (S.D.N.Y. Jan. 24, 2002). Because the Court concludes that the dismissal of the original petition should be vacated pursuant to Rule 60(b)(6), Fed.R.Civ.P., on account of the change in the law effected by *Duncan*, DeVino's original petition is reinstated.

## BACKGROUND

The events leading to the filing of the pending petition are set out in this Court's prior opinion, familiarity with which is assumed. *See Devino*, 2002 WL 91615. Accordingly, only those events necessary to the analysis which follows are described here.

The petitioner's conviction for two counts of murder in the second degree became final on March 11, 1999, which was 90 days after the New York Court of Appeals denied him leave to appeal. Under Title I of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody has one year after the date his conviction becomes final in which to file a habeas petition. 28 U.S.C. § 2244(d)(1). Two hundred and ninety four days later, petitioner filed a petition for a writ of error coram nobis in state court on the ground of ineffective assistance of appellate counsel. The petition was denied on July 6, 2000. DeVino

filed a petition for a writ of habeas corpus on September 5, 2000,[1] which was timely because AEDPA's one year limitations period was tolled during the pendency of petitioner's coram nobis petition. 28 U.S.C. § 2244(d)(2); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001). When DeVino filed his federal petition, approximately eleven days of the one year limitations period remained.

The petitioner then requested that his initial petition be dismissed in order to permit exhaustion of state remedies. On February 15, 2001, the Chief Judge of this district issued an Order noting the petitioner's desire to withdraw his petition, and stating:

> In light of AEDPA's one-year statute of limitations, petitioner is granted thirty (30) days to inform the Court whether he wishes to proceed with this action or withdraw it. Petitioner should be aware that if he withdraws the instant petition, he will have to file a new petition at a later date; he will not be allowed to "reopen" this proceedings [sic].

The petitioner confirmed his desire to withdraw the petition, and the petition was voluntarily dismissed on March 20, 2001.

Thirty-three days after the federal petition was dismissed, petitioner filed a motion pursuant to New York Criminal Procedure Law §§ 440.10 and 440.20, which was denied on May 29, 2001. A motion filed on June 14, 2001, seeking leave to appeal pursuant to New York Criminal Procedure Law § 460.15, was denied on August 2, 2001. On August 15, 2001—13 days after the state court proceedings had concluded—the instant petition was filed.[2]

1. This petition was not received until September 15, but DeVino's signature on the petition was notarized on September 5. Pursuant to the prison mailbox rule, it is appropriate to consider the September 5 date the filing date, for it is likely that DeVino handed the petition over to prison authorities to be mailed on or

about that date. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir.2001).

2. This petition was received by this Court's *Pro Se* office on August 20, but DeVino's signature on the petition was dated August 15. *See Noble*, 246 F.3d at 97–98.

As of the date the original petition was withdrawn, the Second Circuit had held that 28 U.S.C. § 2244(d)(2) required tolling of the one year limitations period during the pendency of a habeas petition in federal court. *Walker v. Artuz*, 208 F.3d 357, 360 (2d Cir.2000). Following the dismissal of DeVino's petition, the Supreme Court reversed *Walker*, and held that the limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Since the Supreme Court's decision in *Duncan*, the Second Circuit has held that when a district court confronts a mixed petition containing both exhausted and unexhausted claims, the court should either: (1) dismiss the petition in its entirety (as was done in this case), or (2) dismiss only the unexhausted claims and stay the balance of the petition. *Zarvela v. Artuz*, 254 F.3d 374, 376 (2d Cir.2001). In *Zarvela*, the Second Circuit observed that entry of a stay is appropriate in cases where dismissal "jeopardize[s] the timeliness of a collateral attack," so long as it is conditioned on the prompt initiation of proceedings by the petitioner in state court, and a prompt return to federal court. *Id.* at 382 (citation omitted).

Had the district court stayed DeVino's original petition in March of 2001, his habeas petition would be timely and capable of review. Because of the voluntary dismissal of the original petition, however, DeVino's pending petition is untimely by 221 days. If the time during the pendency of his first federal petition is subtracted, his current petition is untimely by only 35 days since DeVino acted essentially within the time constraints outlined in *Zarvela*. His collateral attack in state court was filed no later than 33 days after the dismissal of the federal petition, and this petition was filed less than a month after the collateral attack was denied. The Second Circuit has not yet addressed whether relief is appropriate when a timely petition was dismissed before the Supreme Court's decision in *Duncan*, based at least implicitly on the law as described in *Walker*.

## DISCUSSION

The respondent contends that there is no procedural mechanism by which the petitioner may be afforded relief from the dismissal of his first habeas petition. Rule 60(b) sets forth the grounds on which a court can rescind or amend a final judgment or order.[3] Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (citations omitted). Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief" and may be granted "only upon a showing of exceptional circumstances." *Id.* A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court. *Id.* Rule 60(b)(6) "is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue

---

**3.** Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of

> an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), Fed.R.Civ.P.

hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Id.* at 63 (citation omitted); *see also Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir.2001); *U.S. v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391–92 (2d Cir.2001); *DeWeerth v. Baldinger,* 38 F.3d 1266, 1272 (2d Cir.1994). A motion for relief pursuant to Rule 60(b)(6) must be made "within a reasonable time." [4] Rule 60(b), Fed.R.Civ.P.

■ The respondent first contends that the petitioner cannot obtain relief from the voluntary dismissal of his first habeas petition under Rule 60(b), because that dismissal was not a *"final* judgment, order, or proceeding." Rule 60(b), Fed.R.Civ.P. (emphasis supplied). A voluntary dismissal may be treated as a final judgment for purposes of Rule 60(b). *See, e.g., Lehman v. U.S.,* 154 F.3d 1010, 1017 (9th Cir.1998) (denying Rule 60(b)(6) motion on other grounds); *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir.1989); *Randall v. Merrill Lynch,* 820 F.2d 1317, 1321 (D.C.Cir.1987). "Although a voluntary dismissal without prejudice ... does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action." *Walker v. Dep't of Veterans Affairs,* No. 94 Civ. 5591(MBM), 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) (permitting plaintiff to proceed under Rule 60(b)). The Second Circuit has indicated that a Rule 60(b) motion is an appropriate vehicle for reinstating a previously dismissed habeas petition. *See Rodriguez,* 252 F.3d at 198. The cases on which the respondent relies are inapposite. They address whether a voluntary dismissal creates an appealable final order and do not address the intersection of Rules 41 and 60(b). Accordingly, a Rule 60(b) motion may be used as a vehicle to reinstate a petition that was voluntarily dismissed.

A more substantial hurdle to the reinstatement of the original petition, however, is the principle that "[i]ntervening developments in the law by themselves *rarely* constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton,* 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (emphasis supplied); *see also Mancuso v. Herbert,* 166 F.3d 97, 101 (2d Cir.1999) (intervening decision did not "definitively establish" error and thus was not an "extraordinary circumstance" warranting recall of mandate); *Benjamin v. Jacobson,* 172 F.3d 144, 178 (2d Cir.1999) (Calabresi, J., concurring); *DeWeerth,* 38 F.3d at 1272–73 (subsequent change in state law did not provide grounds for 60(b)(6) relief from four year old judgment); *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 757 (2d Cir.1986) ("it is well settled that a change in [Supreme Court] decisional law is not grounds for relief under Rule 60(b)(6)"). In the exceptional case, however, an action may be reinstated on account of an intervening change in the law. In *Sargent v. Columbia Forest Prod., Inc.,* 75 F.3d 86 (2d Cir.1996), after analogizing the power to recall a mandate "to the power conferred on district courts by Fed.R.Civ.P. 60(b)" and emphasizing the importance of final judgment, *id.* at 89, the Second Circuit nonetheless held that a "supervening change in governing law that calls into serious question the correctness of the court's judgment" may constitute an extraordinary circumstance justifying relief, *id.* at 90 (citation omitted). District courts have similarly opined that a Rule 60(b) motion may be granted when an intervening development in the law constitutes an extraordinary circumstance. *Kelly v. City of New York,* Nos. 91 Civ. 2567, 91 Civ. 7343, 91 Civ. 7755(JFK), 2001 WL 1132017, at *3 (S.D.N.Y. Sept. 24, 2001) (Fair Labor

4. DeVino's first habeas petition was voluntarily dismissed on March 20, 2001, and his pending petition was filed on August 15, 2001.

Standards Act); *Rashid v. Kuhlmann,* No. 97 Civ. 3037(RCC)(HBP), 2000 WL 1855114, at *1 (S.D.N.Y. Dec. 19, 2000) (habeas corpus in light of *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998)); *Tal v. Miller,* No. 97 Civ. 2275(JGK), 1999 WL 38254, at *2–3 (S.D.N.Y. Jan. 27, 1999) (granting a Rule 60(b)(6) motion to vacate dismissal of prior habeas petition because of *Ross v. Artuz* ).

■ In *Sargent,* the Second Circuit identified four factors relevant to determining the propriety of recalling a mandate when faced with an intervening change of law. *Sargent,* 75 F.3d at 90. They are: (1) whether the new law is "beyond any question inconsistent" with the earlier decision; (2) whether the moving party notified the court of a pending case or motion that may alter the decisional law; (3) whether "substantial" time had elapsed between the earlier decision and the pending motion; and (4) whether the equities strongly favor the moving party. *Id.*

■ The intervening change in law relevant to DeVino's petition is the Supreme Court's· decision in *Duncan,* holding that the time during which a habeas petition is pending in federal court is not tolled. In this case, the *Sargent* factors weigh in favor of granting Rule 60(b)(6) relief to the petitioner and vacating the dismissal of his first habeas petition. First, it is "beyond any question" that *Duncan* is "inconsistent" with *Walker.* While *Walker* tolled the one-year limitations period during which a petition was pending in federal court, *Duncan* invalidated such tolling. If *Duncan* had already been issued at the time that this Court advised DeVino about his options in pursuing his unexhausted claims, it no doubt would have advised him that any dismissal to pursue those claims would have made any later-filed petition untimely. As of February 15, 2001, the date DeVino was advised of his options, 152 days had elapsed since the one year deadline for filing his habeas petition.

Second, DeVino was entitled to rely on *Walker* and this Court's statement of his options. It would be "unreasonable to expect an incarcerated *pro se* petitioner" to bring to the Court's attention any potential challenge to the Second Circuit's controlling expression of the law in *Walker. Tal,* 1999 WL 38254, at *2. Third, the petitioner filed the instant habeas petition on August 15, 2001, 58 days after *Duncan* and just 13 days after having exhausted his state court remedies. Finally, the equities in this case strongly favor granting Rule 60(b)(6) relief from the dismissal of DeVino's first habeas petition. Because of the intervening decision in *Duncan,* a voluntary dismissal was effectively converted into a dismissal with prejudice which left DeVino without an avenue for collateral review of his conviction in federal court except through the filing of a successive petition before the circuit court.

Balanced against this analysis is the fact that DeVino may have taken as much as 35 days longer to refile his current petition than the eleven days remaining in the one year limitations period. As the Second Circuit's decision in *Zarvela* teaches, however, in such circumstances, a prisoner should be permitted a short, albeit reasonable amount of time to begin his state court proceedings and renew his federal petition. *Zarvela* announced a rule of "a limited period, normally 30 days" for each of these tasks. *Zarvela,* 254 F.3d at 381. Even in advance of the *Zarvela* ruling, DeVino took just 33 days to move in state court to exhaust his claims and only 13 days to renew his federal petition.[5]

Although Rule 60(b) relief should be given "sparingly" and only in "exceptional

---

5. These time periods may be even shorter if the date on which DeVino submitted his state court petition were available and used, and if

circumstances," particularly when based on an intervening change of law, it is justified here. *See Vega v. Artuz,* No. 97 Civ. 3775(LTS)(JCF), 2002 WL 252764, at *2 (S.D.N.Y. Feb. 20, 2002) (intervening change of law represented by *Duncan* constituted an appropriate ground for Rule 60(b)(6) relief reinstating an earlier habeas petition). Relying on options outlined in good faith by this Court, DeVino chose a course of action which a subsequent change in the law made disastrous for him. There is no sound reason to deprive him in such circumstances of one fair opportunity for this court to hear his petition.[6]

Accordingly, because of the unique circumstances presented by the intervening decision in *Duncan,* and because it would have been as a practical matter impossible for DeVino to pursue state court remedies and return to federal court within eleven days, this case presents extraordinary circumstances which require reinstatement of the timely, original petition.

## CONCLUSION

The petitioner having made a showing of extraordinary circumstances warranting relief pursuant to Rule 60(b)(6), the voluntary dismissal of his original habeas petition is vacated, and the petition is reinstated.

SO ORDERED..

---

the date he received notice of the state court decision were used. It appears that the May 29, 2001 decision was not mailed to DeVino until June 5, 2001.

**6.** If Rule 60(b) relief were not available, this would be an appropriate case for equitable tolling. Two courts in this Circuit have applied equitable tolling in circumstances similar to the case at bar. In *Jimenez v. Walker,* 166 F.Supp.2d 765 (E.D.N.Y.2001), the court

noted that the extraordinary circumstances that rendered the petition time-barred and justified equitable tolling were the combined effects of the court's dismissal of the petition and the "subsequent and unforeseeable Supreme Court decision in *Duncan." Id.* at 772. In *Dewindt v. Artuz,* No. 97 Civ. 2138(FB), 2002 WL 1034853 (E.D.N.Y. May 23, 2002), the petitioner's refiled habeas petition would have been timely but for the Supreme Court's decision in *Duncan. Id.* at *4.