John AMANTE, Petitioner,

v.

Hans WALKER, Superintendant, Respondent.

No. 02–CV–1897.

United States District Court, E.D. New York.

May 21, 2003.

Victor Barall, Kings COunty District Attorney, Brooklyn, NY, for Defendant.

## *ORDER*

GERSHON, District Judge.

On July 12, 1990, petitioner, John Amante, was convicted following a jury trial in New York State Supreme Court, Kings County (Aiello, J.), of one count of enterprise corruption in violation of N.Y. Penal Law § 460.20(1)(a), two counts of murder in the second degree in violation of N.Y. Penal Law § 125.25(1), three counts of attempted murder in the first degree in violation of N.Y. Penal Law § 110.00, four counts of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03, and one count of assault in the first degree in violation of N.Y. Penal Law § 120.10(3). Petitioner was sentenced to six concurrent and five consecutive terms of 87 years to life. Petitioner filed a Notice of Appeal to the Appellate Division, Second Department, on January 3, 1997. On August 4, 1997, petitioner's conviction was affirmed. *People v. Amante,* 242 A.D.2d 275, 660 N.Y.S.2d 589 (2d Dept.1997). Leave to appeal the Appellate Division's decision was denied on October 23, 1997. *People v. Amante,* 90 N.Y.2d 1009, 666 N.Y.S.2d 104, 688 N.E.2d 1387 (1997). Petitioner's motion for re-

argument, filed with the Appellate Division on September 16, 1997, was denied on October 30, 1997. Eleven months later, on October 20, 1998, petitioner filed an application for a writ of habeas corpus with this court, docketed as 98 CV 6386(EHN). In that application, petitioner argued that the verdict sheet submitted to the jury at his trial was confusing, misleading, and prejudicial and that his conviction for enterprise corruption was based solely on the uncorroborated testimony of an accomplice. On November 20, 2000, petitioner moved, pursuant to Fed.R.Civ.P. 41(a), to dismiss his habeas corpus petition in order to pursue an unexhausted state claim. Petitioner's motion was granted without prejudice by Memorandum and Order dated February 16, 2001. Eight months later, on October 23, 2001, petitioner filed a petition for a writ of error coram nobis with the Appellate Division, Second Department, on the grounds of ineffective assistance of appellate counsel. On March 4, 2002, that petition was denied. *People v. Amante*, 292 A.D.2d 393, 738 N.Y.S.2d 605 (2d Dept. 2002). On March 18, 2002, petitioner filed this application for habeas corpus relief, docketed as 02 CV 1897(NG), raising the two state law grounds contained in his previous habeas corpus petition and a third claim of ineffective assistance of appellate counsel.

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–32, 110 Stat. 1214, amended 28 U.S.C. § 2244 to provide a one year limitations period for the filing of state habeas corpus petitions. The time period runs from the latest to occur of certain enumerated events, the only applicable one in this case being "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period "does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or if the prisoner elects not to file a petition for certiorari the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.2001), *cert. denied*, 534 U.S. 924, 122 S.Ct. 279, 151 L.Ed.2d 205 (2001). Since a petitioner has ninety days from the entry of judgment in the underlying state action to seek certiorari from the Supreme Court, *see* Sup.Ct. R. 13(3), petitioner's final date of conviction, for the purpose of assessing the start of the one year limitations period under AEDPA, is the date upon which that ninety day deadline expired, in this case, January 21, 1998. Petitioner therefore had until January 21, 1999 to file a timely petition for habeas corpus relief.

■ AEDPA's tolling provisions, 28 U.S.C. § 2242(d)(2), exclude from the one year limitations period the time during which a petitioner's application for properly-filed post conviction relief is pending in state court. *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Gomez v. Duncan*, 2002 WL 1424584, 2002 U.S. Dist. LEXIS 11765 (S.D.N.Y.2002). In *Walker v. Artuz*, 208 F.3d 357, 361–362 (2d Cir.2000), *rev'd sub nom. Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Court of Appeals for the Second Circuit applied these tolling provisions to properly filed federal habeas corpus petitions. Thus, under prevailing law at the time he sought leave to voluntarily dismiss his October 20, 1998 petition, petitioner was entitled to a toll during the period in which his federal habeas corpus application was pending. On June 18,

2001, the Supreme Court reversed the Court of Appeals' decision in *Walker,* concluding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Absent any other toll, *Duncan's* holding compels a finding that petitioner's instant application, filed more than four years after petitioner's conviction became final, is time-barred.

In *Zarvela v. Artuz,* 254 F.3d 374, 380 (2d Cir.2001), *cert. denied sub nom. Fischer v. Zarvela,* 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001), a pre-*Duncan* decision addressing the potential time-bar facing petitioners bringing petitions which contain both exhausted and unexhausted state claims, the Court of Appeals for the Second Circuit ruled that a stay of proceedings is the "only appropriate course" in cases where outright dismissal of such a mixed petition "could jeopardize the timeliness of a collateral attack." *Zarvela* provided a stay only, however, where "entry to the state courts and return [to federal court] occurred promptly." *Id.* at 382–383. In several post-*Duncan* decisions involving petitioners whose federal habeas corpus petitions would have been deemed timely had a stay been granted for petitioner's subsequent pursuit of state remedies (pursuant to the procedure outlined in *Zarvela* ), courts in this Circuit have imposed an equitable toll for the period during which petitioner's properly-filed application for federal habeas corpus relief was pending. *See, e.g., Rodriguez v. Bennett,* 303 F.3d 435 (2d Cir.2002). Where state remedies have been expeditiously pursued, courts have also, as an alternative form of relief, reopened previously dismissed petitions pursuant to Fed.R.Civ.P. 60(b)(6). *See, e.g., Devino v. Duncan,* 215 F.Supp.2d 414, 418

(S.D.N.Y.2002). Since petitioner in this case did not timely pursue state remedies, waiting eight months after dismissal of his first federal habeas corpus petition to file his papers with the Appellate Division, I decline to apply the provisions of Rule 60(b) to petitioner's previously filed habeas corpus application. I will, however, apply an equitable toll for the pendency of petitioner's first federal habeas corpus petition, thereby ameliorating the harm caused by its dismissal. Petitioner is therefore entitled to a toll from October 20, 1998, the date on which he first filed for federal habeas corpus relief, until February 16, 2001, the date on which his motion for voluntary dismissal was granted.

■ AEDPA's tolling provision does not reset the date from which the one year limitations period begins to run. *Smith v. McGinnis,* 208 F.3d at 17; *Alamo v. Ricks,* 2002 WL 1732815, at *2, 2002 U.S. Dist. LEXIS 13650, at *5 (E.D.N.Y.2002). Therefore, when petitioner's habeas corpus application was dismissed on February 16, 2001, only 93 days remained in which petitioner could file a timely habeas corpus petition. Petitioner's state court application for a writ of error coram nobis, for which he would otherwise have received an additional toll, was not filed until October 23, 2001, 249 days after his habeas corpus petition was dismissed. Since petitioner had only 93 days in which to timely file a second habeas corpus petition following that dismissal, his current application cannot be deemed timely.

Petitioner contends that he is entitled to an additional equitable toll from April 10, 2001, the date on which the prison paralegal assisting plaintiff with the preparation of his state court filing was transferred to another facility, to October 10, 2001, the date upon which petitioner received the paralegal's draft of his state court petition.

In support of this claim for equitable relief, petitioner submits an affidavit from the prison paralegal, Anthony Morgan, verifying that he was in possession of petitioner's court papers at the time of his transfer to another facility and that he was unable, for an unspecified period of time, to return petitioner's papers to him.

Equitable tolling of AEDPA's statute of limitations is available only upon a showing that "extraordinary" circumstances prevented the petitioner from filing a timely petition. *Valverde v. Stinson,* 224 F.3d 129, 133–34 (2d Cir.2000). In addition, a petitioner must demonstrate that he exercised reasonable diligence throughout the time period sought to be tolled. Thus, the petitioner must show not only that "extraordinary circumstances existed, but that [they] actually prevented the petitioner from filing on time." *Id.* Generally, transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances. *Lindo v. Lefever,* 193 F.Supp.2d 659, 663 (E.D.N.Y.2002). The Court of Appeals for the Second Circuit has, however, indicated that in limited circumstances an inability to access court papers may warrant an equitable toll. *See Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001), *cert. denied,* 536 U.S. 925, 122 S.Ct. 2593, 153 L.Ed.2d 782 (2002) (indicating that the prison authority's discretionary deprivation of access to legal materials might warrant an equitable toll where such action prevented a prisoner from filing a petition for a writ of habeas corpus). The Court of Appeals has also clearly articulated the requirement that reasonable diligence must be demonstrated even after the occurrence of an extraordinary event: "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation ... is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde,* 224 F.3d at 134. In this case, petitioner waited seven months after the transfer of the prison paralegal (and the resulting lack of access to his court papers) before filing his state court petition. Moreover, the actual filing of the petition did not occur as a result of any affirmative attempt on the part of petitioner to recover his papers from the prison paralegal or another source. Instead, petitioner merely waited until the prison paralegal completed his work on behalf of petitioner and sent it to him at the facility in which he was housed. Petitioner cannot, under these circumstances, demonstrate that he exercised reasonable diligence during the period he seeks to toll. At the time of the prison paralegal's transfer, petitioner had 40 days left in which to file a timely federal habeas corpus petition. He did not file any papers with the state court, which would have entitled him to a toll pursuant to 28 U.S.C. § 2242(d)(2), for another seven months. Since an equitable toll is not warranted under these circumstances, petitioner's present application for federal habeas corpus relief is dismissed as untimely.

### Conclusion

For the foregoing reasons, petitioner's application for habeas corpus relief is dismissed as untimely. The Clerk of Court is directed to close this case. As petitioner has failed to make a substantial showing of the denial of a constitutional right, with respect to the dismissal of the petition as untimely, a certificate of appealability is denied.

**SO ORDERED.**