DA 08-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 363

FARMERS UNION MUTUAL
INSURANCE COMPANY,

     Plaintiff and Appellant,

     v.

BRIAN L. BODELL, SWEETWATER
RANCH COMPANY, and KAMI L.
JOHNSTON, Personal Representative
of the Estate of Luke S. Johnston,

     Defendants and Appellees.

O P I N I O N

A N D

O R D E R

¶1    On August 6, 2008, Appellees Brian L. Bodell and Kami L. Johnston, personal representative of the Estate of Luke S. Johnston (the Estate), filed a Motion to Dismiss Appeal in the above captioned matter arguing that the appeal is untimely and seeks to appeal an interlocutory order. Appellees also represented that Sweetwater Ranch Company (Sweetwater) consented to the motion. On August 18, 2008, Farmers Union Mutual Insurance Company (Farmers) filed its response objecting to the motion.

¶2    Because the parties raised questions of first impression in Montana in their motion and subsequent response, we ordered them to prepare, file and serve simultaneous briefs addressing the following questions:

¶3    1. Is an order dismissing an action without prejudice a final, appealable order or is it interlocutory, and therefore not appealable?

1

¶4    2.    If an order dismissing an action without prejudice is interlocutory, may it, nonetheless, be the subject of a motion under M. R. Civ. P. 60(b)?

**Factual and Procedural Background**

¶5    On December 24, 2004, Bodell and Luke Johnston were involved in a single-vehicle accident in Meagher County which resulted in Johnston's death. Bodell was driving the vehicle in which Johnston was a passenger. On November 14, 2006, the Estate filed a wrongful death and survivorship action against Bodell in the District Court for the Fourteenth Judicial District, Meagher County (Cause No. DV 06-22) alleging that Bodell negligently caused Johnston's death. The damages allegedly caused by Johnston's death greatly exceeded the limits of Bodell's auto liability policy.

¶6    Bodell filed suit in Meagher County District Court (Cause No. DV 06-23) on November 16, 2006, against his insurance agent, Art Hoffart; Hoffart's company, the Bissell Agency (Bissell); and Farmers, asserting that Hoffart agreed to procure from Farmers an umbrella policy over and above Bodell's farm, ranch and auto policies, but that Hoffart failed to do so and misled Bodell in the process. Bodell contended that this failure left him exposed to the very large damages inherent in the wrongful death action. Bodell sought, in part, indemnification for Hoffart's failure to procure proper insurance. Venue in this action was subsequently changed to the District Court for the Eighteenth Judicial District, Gallatin County (Cause No. DV-07-769-22) on October 31, 2007, since Hoffart resides in and does business in Gallatin County.

¶7    Farmers defended this action on the basis that there is no coverage. Bodell was the named insured under a Farmers' Farm Liability Insurance Policy with a general aggregate

limit for bodily injury and property damage of $2,000,000. In addition, Sweetwater, which Bodell either worked for or owned a part of, was the named insured under a Farmers' Farm Liability Insurance Policy with a general aggregate limit for bodily injury and property damage also of $2,000,000. Farmers claimed that both policies specifically exclude coverage for "bodily injuries caused by the use, ownership, entrustment or maintenance of a motor vehicle." Thus, Farmers contends it has no duty to defend or indemnify such claims.

¶8      Bodell and the Estate eventually reached a settlement agreement in the wrongful death action, Cause No. DV 06-22. As part of the agreement, Bodell assigned to the Estate his claims against Hoffart, Bissell and Farmers in Cause No. DV-07-769-22. Consequently, the Estate moved for and was granted leave to intervene in that case.

¶9      Although the action in Gallatin County is still pending, Farmers filed a complaint in Meagher County District Court (Cause No. DV 08-01) on January 22, 2008, seeking a declaratory judgment that there is no liability coverage for motor vehicle accidents under Bodell's policies with Farmers. Both Bodell and the Estate moved the District Court for an order dismissing this action pursuant to M. R. Civ. P. 12(b), or, in the alternative, for an order changing venue to Gallatin County where the related action is pending. They contend that Farmers is engaging in piecemeal litigation and that its declaratory judgment action clearly arises from the same transactions and issues which are pending in Gallatin County, thus the outcome of these actions could result in conflicting decisions. They also contend that Farmers should have raised this as a compulsory counterclaim in the Gallatin County action. Because Sweetwater did not appear or otherwise defend in this action, default was entered against it on March 31, 2008.

3

¶10     The Meagher County District Court dismissed Cause No. DV 08-01 without prejudice on April 3, 2008, on the basis that the factual and legal issues in this cause were already pending in the Gallatin County action. Thereafter, Farmers moved the court for relief from the order of dismissal pursuant to M. R. Civ. P. 60. The District Court did not rule on Farmers' motion within 60 days, thus it was deemed denied pursuant to M. R. Civ. P. 60(c).

¶11     On July 15, 2008, Farmers filed its Notice of Appeal wherein it appealed to this Court the Meagher County District Court's denial of its Rule 60 motion as well as that court's Order of Dismissal. Bodell and the Estate moved to dismiss the appeal on the bases that it is untimely and it seeks to appeal an interlocutory order in violation of M. R. App. P. 6.

¶12     Because the parties raised issues of first impression in Montana, we ordered them to provide supplemental briefing on those issues. The parties having now filed their supplemental briefs, we decide the issues presented as follows.

**Issue 1.**

¶13     *Is an order dismissing an action without prejudice a final, appealable order or is it interlocutory, and therefore not appealable?*

¶14     Appellees argue that the District Court's Order of Dismissal Without Prejudice in this case is not a final order and, therefore, not appealable because: (1) it does not determine the rights of the parties or the merits of the litigation; (2) it does not prevent Farmers from litigating the issue in Montana state courts; and (3) it does not prevent Farmers from transferring venue back to Meagher County. Farmers concedes that absent special circumstances which would prevent refiling the action, such as a statute of limitations issue,

4

an order dismissing an action without prejudice is interlocutory and, therefore, not appealable.

¶15    M. R. App. P. 6(1) permits an appeal from a final judgment and from those final orders specified in M. R. App. P. 6(2), (3) and (4). Subsection (3) defines the final orders appealable in civil cases and it does not include an order dismissing an action without prejudice. M. R. App. P. 6(3). Moreover, M. R. App. P. 6(5)f. provides that an aggrieved party may not appeal from an "interlocutory judgment."

¶16    A final judgment "conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed." M. R. App. P. 4(1)a. An interlocutory judgment "is an order or decree that determines a preliminary or subordinate question or issue and which enables the court to render a final judgment but does not finally decide the cause." M. R. App. P. 4(1)b.

¶17    Although this Court has not decided this issue directly, numerous other jurisdictions have held that, absent special circumstances, an order of dismissal without prejudice is not a final order, and thus, not appealable. *See e.g. White v. Altru Health System*, 746 N.W.2d 173 (N.D. 2008) ("a dismissal without prejudice . . . is ordinarily 'not appealable because either side may commence another action.' . . . However, 'dismissal without prejudice may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum' " such as when a statute of limitations has run.); *Solberg v. Graven*, 174 S.W.3d 695 (Mo. App. S. Dist. 2005) ("The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable."); *Cole v. Hoogendoorn, Talbot,*

5

*Davids*, 759 N.E.2d 110 (Ill. App. 1st Dist. 2001) ("Normally an order striking or dismissing a complaint is not final and therefore not appealable unless its language indicates the litigation is terminated and the plaintiff will not be permitted to replead."); *Golden Lodge No. 13, I.O.O.F. v. Easley*, 916 P.2d 666 (Colo. App. 1996) ("The dismissal of a complaint without prejudice is generally not appealable unless such dismissal prohibits further proceedings, such as when the applicable statute of limitations would prevent the reinstitution of suit."); *Howerton v. Grace Hosp., Inc.*, 476 S.E.2d 440 (N.C. App. 1996) ("An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. . . . There is generally no right to appeal an interlocutory order. . . . The purpose of this rule is 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' "); *Phillips v. John Jochem Chevrolet*, 379 So. 2d 1042 (Fla. 4th Dist. App. 1980) (holding that dismissal without prejudice for failure to prove jurisdictional amount was not a final judgment, thus court had no jurisdiction to entertain the appeal).

¶18    We find these decisions to be persuasive and in keeping with our own statutory scheme and Rules of Appellate Procedure.  We agree with our sister jurisdictions that an order dismissing or striking a complaint without prejudice is not a final judgment.  Being interlocutory, such an order cannot be appealed, absent the existence of special circumstances.  Special circumstances may include the running of a statute of limitations, language in the order of dismissal indicating that the complainant will not be permitted to re-plead, or where the practical effect of the order of dismissal terminates the litigation in the

6

complainant's chosen forum. Here, none of these special circumstances are present. Consequently, we hold that the District Court's order dismissing this case without prejudice is an interlocutory order and, as such, is not appealable.

**Issue 2.**

¶19   *If an order dismissing an action without prejudice is interlocutory, may it, nonetheless, be the subject of a motion under M. R. Civ. P. 60(b)?*

¶20   Farmers, somewhat inconsistently, argues that a dismissal without prejudice can be the subject of an M. R. Civ. P. 60(b) motion because it ends the pending litigation and is, therefore, a final order. Appellees argue on the other hand that Montana's Rules of Appellate Procedure do not permit a litigant to bootstrap an interlocutory order into an appealable order merely by filing a post-order motion asking for reconsideration. Appellees point out that such orders are only appealable "provided that the order is the court's final decision on the referenced matter," M. R. App. P. 6(3), and they argue that, if the order is interlocutory, rather than final, a subsequent motion does not magically make it appealable.

¶21   M. R. Civ. P. 60(b) allows a court to relieve a party from a "final judgment, order or proceeding" under certain enumerated conditions. Because our Rule 60(b) is modeled after Fed. R. Civ. P. 60(b), we look to interpretations of the federal rule for guidance in interpreting our own rule. *See Muri v. Frank*, 2001 MT 29, ¶ 12, 304 Mont. 171, ¶ 12, 18 P.3d 1022, ¶ 12 (holding that when a Montana rule of procedure is modeled after a federal rule, we should look to interpretations of the federal rules for guidance). The Advisory Committee Notes (1946 Amendment) to Fed. R. Civ. P. 60(b) provide:

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and

7

> hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Thus, Rule 60(b) requires the finality of orders or proceedings as well as judgments. It was not intended to open up the floodgates to piecemeal appeals of interlocutory orders regardless of how the motion is styled.

¶22   As Appellees note, courts interpreting whether an appeal can be taken from an interlocutory order, even when styled as a Rule 60(b) motion, have uniformly interpreted the Rule in this manner. *See e.g. Cho v. State,* 168 P.3d 17 (Haw. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 1260 (2008) (order imposing sanctions not a final order, thus it is not an order from which Rule 60(b) affords relief )*; First Southern Bank v. O'Brien*, 931 So. 2d 50 (Ala. Civ. App. 2005) (order clarifying divorce judgment not a final judgment or order, thus order not appealable through Rule 60(b)); *Hubbard v. State Farm Indem. Co.*, 584 S.E.2d 176 (W. Va. 2003) ("Interlocutory orders and judgments are not within the provisions of 60(b), but are left to the plenary power of the court that rendered them to afford such relief from them as justice requires."); *Nationsbank of North Carolina v. Parsons*, 477 S.E.2d 735 (S.C. App. 1996) ("Rule 60(b) . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments." (emphasis in original)); *Trembly v. Mrs. Fields Cookies*, 884 P.2d 1306 (Utah App. 1994) (denial of a motion for summary judgment is not a final order or judgment, thus it is not an order from which Rule 60(b) affords relief); *Pathman Const. Co., etc. v. Drum-Co Engin.*, 402 N.E.2d 1 (Ind. App. 2d Dist. 1980) (order deeming discovery requests admitted considered to be interlocutory in nature because it did not determine the entire controversy

nor did it decide the case on its merits, thus Rule 60(b) not applicable); *O'Neill v. Southern Nat. Bank*, 252 S.E.2d 231 (N.C. App. 1979) (order allowing amendment of a pleading is interlocutory and Rule 60(b) has no application to interlocutory orders).

¶23 Furthermore, citing *Cho*, Appellees argue that the analysis of whether an order is final and, therefore, appealable is the same under Rule 60(b) as it would be for any other appellate jurisdictional purpose. *Cho*, 168 P.3d at 26-27 ("This court has defined 'final order' to mean 'an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.' "). We observe that these definitions used by the *Cho* court comport with the definitions of final judgment and interlocutory judgment which this Court has adopted in M. R. App. P. 4(1)a. and 4(1)b., respectively. *See* ¶ 16, *supra*.

¶24 Farmers contends, on the other hand, that since we look to the interpretations of federal rules for guidance in interpreting Montana's rules of procedure, we should follow the following federal court decisions that hold that an order of dismissal without prejudice is a "final" order for Rule 60(b) purposes because it ends the pending action: *Devino v. Duncan*, 215 F. Supp. 2d 414 (S.D.N.Y. 2002); *Reid v. Marshall*, 2001 U.S. Dist. LEXIS 22177 (D. Mass 2001); *Walker v. Department of Veterans Affairs*, 1995 U.S. Dist. LEXIS 15691 (S.D.N.Y. 1995); and *McGoff v. Rapone*, 78 F.R.D. 8 (E.D. Pa. 1978). However, these cases refer to the *voluntary* dismissal of an action by the plaintiff and are, therefore, inapposite.

¶25 Instead, we find the following federal decisions to be of value to our interpretation of Rule 60(b): *Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867 (9th Cir. 2000) ("[T]he label attached to a motion does not control its substance." A judgment, order or

9

proceeding must be final to be addressed by a motion under Rule 60(b).); *Ballard v. Baldridge*, 209 F.3d 1160 (9th Cir. 2000) ("A final order is a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)); and *Zimzores v. Veterans Admin.*, 778 F.2d 264 (5th Cir. 1985) ("By its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order. 'Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.' ").

¶26 This Court discourages premature and piecemeal interlocutory appeals. We have done so to "support judicial economy and efficiency and uphold the integrity of the trial court's process." *In re D.A.*, 2003 MT 109, ¶ 19, 315 Mont. 340, ¶ 19, 68 P.3d 735, ¶ 19. As Appellees have pointed out, allowing Farmers to appeal the Order of Dismissal in this case while simultaneously pursuing the same case in Gallatin County subverts the policies against piecemeal litigation; exposes the defendants to multiple litigation forums addressing the same issue with the possibility of obtaining inconsistent results; makes possible multiple appeals on the same issue from two different state courts; and wastes judicial resources by possibly permitting two state courts to be litigating the same matter.

¶27 Therefore, we hold that an order dismissing an action without prejudice is not a final order and, as such, may not be the subject of a motion under M. R. Civ. P. 60(b), absent the existence of special circumstances. In this case, the trial court's dismissal of Farmer's complaint was without prejudice, and no special circumstances, as contemplated in ¶ 18, *supra*, were demonstrated either by Farmers or in the court's order of dismissal.

Consequently, inasmuch as the court's Order of Dismissal Without Prejudice was not a final judgment, this order could not have been the subject of Farmer's motion for relief under Rule 60(b). Thus, Farmer's appeal of the trial court's "deemed denial" of its Rule 60(b) motion is without any foundation or basis in law. Appellees' Motion to Dismiss Farmer's instant appeal is well taken and must be granted. Accordingly, good cause shown,

¶28 IT IS ORDERED that Appellees' Motion to Dismiss Appeal is GRANTED. This cause is DISMISSED without prejudice to the merits.

¶29 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order to all counsel of record.

Dated this 29th day of October, 2008.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JOHN WARNER


11