JUSTICE RICE,
concurring in part and dissenting in part.
¶38 I dissent on the cross-appeal. The Court holds, without expressly stating, that the District Court abused its discretion by including attorney fees within the $375,000 restoration award fashioned for *277 PLWA. “ ‘In an action for a declaratory judgment, § 27-8-313, MCA, may provide a statutory basis for awarding attorney fees as supplemental relief, if such an award is determined to be necessary and proper.’ ” Beebe v. Bd. of Dirs. of the Bridger Creek Subdivision Cmty. Ass’n, 2015 MT 183, ¶ 26, 379 Mont. 484, 352 P.3d 1094 (citation omitted). “We review for an abuse of discretion a district court’s order to grant or deny attorney fees if legal authority exists for the fees.” Horace Mann Ins. Co. v. Hanke, 2013 MT 320, ¶ 12, 372 Mont. 350, 312 P.3d 429 (citation omitted).
¶39 “An abuse of discretion occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason.” Wagner v. Woodward, 2012 MT 19, ¶ 18, 363 Mont. 403, 270 P.3d 21 (citation omitted) (affirming District Court’s denial of attorney fees). I believe the District Court carefully considered and fashioned a multipronged package of relief for PLWA with the flexibility to use part of the restoration award for attorney fees, in addition to awarding loss-of-use damages and punitive damages. Under the standard of review, I would hold that the court did not act “arbitrarily without conscientious judgment or exceed[] the bounds of reason.” Wagner, ¶ 18.
¶40 On the appeal, Jones states that he was given no notice, advance or otherwise, that the jury would act in an advisory capacity. He cites federal authority that holds it is reversible error for the trial court to determine that a jury verdict would be advisory after a case is submitted to the jury, because “[t]he parties are entitled to know prior to trial whether the jury or the court will be the trier of fact.” Thompson v. Parkes, 963 F.2d 885, 889 (6th Cir. 1992) (citation omitted) (citing Fed. R. Civ. P. 39(c)). He notes this Court has stated that, when Montana civil rules are modeled on federal rules, we look to the interpretation of the federal rules for guidance in interpreting our rules, citing Muri v. Frank, 2001 MT 29, ¶ 12, 304 Mont. 171, 18 P.3d 1022. Despite this persuasive authority, I would conclude, given my conclusion to affirm the District Court on the cross-appeal, that the error is harmless, and affirm. Though describing the damages in slightly different terms, the District Court imposed the same amount of damages as the advisory jury ($375,000 to restore Boadle Bridge, $25,000 for loss of bridge use, and $10,000 in punitive damages versus $375,000 for a restoration award and attorney fees and costs and $35,000 for loss of bridge use and punitive damages). The Court’s decision to reverse on the cross-appeal and grant greater damages creates prejudice against Jones for the failure to advise him that the jury was only advisory.