FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0157

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0157

360 RECLAIM, LLC, a Montana limited liability
Company,

      Plaintiff and Appellee,

v.

WILLIAM M. RUSSELL, an individual, and
MOUNTAIN VIEW INVESTMENTS, L.C., an
Idaho limited liability company

      Defendants.

WILLIAM M. RUSSELL,

      Plaintiff and Appellant,

v.

360 RECLAIM, LLC, a Montana limited liability
company,

      Defendant, Counter-Plaintiff,
      Third-Party Plaintiff and Appellee,

v.

WILLIAM M. RUSSELL,

      · Counter-Defendant and Appellant,

  and

U.S. TREASURY, by and through the INTERNAL
REVENUE SERVICE,

      Third-Party Defendant.

**ORDER**

FILED

NOV 02 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Plaintiff and Appellee 360 Reclaim, LLC (360 Reclaim) has moved to dismiss this appeal because it is an impermissible interlocutory appeal under M. R. App. P. 6. Defendant and Appellant William M. Russell (Russell) has filed a response in opposition, noting that M. R. App. P. 4(4)(a) allows an appeal of a final judgment "or order or part thereof from which the appeal is taken," and contends his appeal is from a "part" of a final judgment that is appealable. We conclude 360 Reclaim's argument for dismissal is well taken.

This appeal involves property for which Russell has initiated multiple proceedings over a long history of litigation, specifically, what was Russell's twenty-acre scrap yard near Columbia Falls, Montana. Russell has advanced appeals to this Court, which we will not review here. In this action, 360 Reclaim asserted an agister's lien against Russell's massive scrap accumulation on the property, which Russell has not removed despite assessments against the property starting in 2018. In 2019, the District Court consolidated the agister's lien action with a companion case involving the real property. On January 11, 2021, the District Court issued Findings of Fact, Conclusions of Law and Order Re Agister's Lien, which set forth a step-by-step process for removal of the personal property from the real property, and provided for further hearings on the agister's lien "after the Court has a clear view of the degree to which the principals in this case, and their attorneys, have responded to this Order." Rather than remove any of his property, Russell filed a Rule 60(b) motion arguing the District Court had made "mistakes" in its legal judgment, which the District Court denied in a March 16, 2021 Order, reasoning, *inter alia*, that Russell's motion was not ripe because a final judgment on the lien has been entered. Russell then filed an appeal to this Court, and filed his opening brief. 360 Reclaim sought dismissal as part of its Appellee's briefing. Russell has requested additional time to further respond to the request for dismissal.

The Montana Rules of Appellate Procedure make clear that interlocutory orders are not appealable except under limited circumstances not applicable here. "[A]n aggrieved party may not appeal from an 'interlocutory judgment.'" *Farmers Union Mut. Ins. Co. v.*

2

*Bodell*, 2008 MT 363, ¶ 16, 346 Mont. 414, 197 P.3d 913 (citing M. R. App. P. 6(5)(f)). "A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding[.]" M. R. App. P. 4(1). The purpose of our rules is to discourage piecemeal litigation. *Farmers Union*, ¶ 17. Even if we could conclude the District Court's Order is "an order directing the delivery, transfer, or surrender of property" that could qualify as an appealable order under M.R.App.P. 6(3)(h), it is clear the Order is not "the court's final decision on the referenced matter," as required by the Rule. Indeed, the Order indicates the Court may hold another hearing before all of the scrap personal property is removed, which is a sizeable undertaking.

The District Court's Order is neither a final judgment nor an appealable interlocutory order. Therefore,

IT IS ORDERED that 360 Reclaim's Motion to Dismiss is GRANTED and this appeal is DISMISSED without prejudice to appeal of an appealable order.

IT IS FURTHER ORDERED that Russell's request for additional time to file his reply brief is DENIED as moot.

The Clerk of the Supreme Court is directed to close this case and to issue remittitur as of the date of this Order.

The Clerk is also directed to provide a copy of this Order to counsel of record and to William M. Russell personally.

DATED this 2nd day of November, 2021.

_____
Chief Justice

_____

_____

3

_____
_____
Justices